## DUTTON v. DUTTON.

No. 12405—Opinion Filed Dec. 4, 1923.

Rehearing Denied Feb. 19, 1924.

1. **Divorce—Award of Alimony—Requisites.**

Where, in a suit for divorce, the court awards alimony to the wife, to be paid in money, it must be for a definite sum, to be paid in gross or in installments.

2. **Same—Presumptions as to Decree—Support of Child.**

Where the parties to a divorce suit have agreed upon a property settlement, and the wife is awarded the custody of the minor child and $100 a month, designated in the decree as alimony, without fixing a definite sum to be paid as required by section 508, Comp. Stat. 1921, and no provision made in the decree for the support and education of the minor child, as required by section 507, Comp. Stat. 1921, such monthly payments will be deemed to be for the support and education of the minor child.

3. **Same—Modification of Decree—Changed Conditions—Order—Conclusiveness.**

Where, on an application to modify that part of a decree of divorce requiring the husband to make monthly payments to the wife for the support and education of the minor child, the parties are regularly before the court represented by their respective attorneys, and the attorneys make formal statements to the court, and on such statements and admissions the court reduces the amount of such monthly payments because of the changed conditions of the parties, such order will not be reversed for failure to introduce evidence to sustain the finding as to changed conditions.

(Syllabus by Ray, C.)

Commissioners Opinion, Division No. 1.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Julia Augusta Dutton against W. Forrest Dutton. Judgment for the defendant reducing the amount of the monthly payments required to be made by the decree of divorce. Plaintiff appeals. Affirmed.

W. D. Humphrey, for plaintiff in error.

C. H. Rosenstein, D. F. Gore, and Joe T. Dewberry, for defendant in error.

Opinion by RAY, C. June 22, 1918, Julia Augusta Dutton was divorced from her husband, W. Forrest Dutton. The decree of divorce contained the following recital:

"The court further finds that the said plaintiff and defendant have entered into a contract providing for the adjustment of the property rights between said plaintiff and defendant, said contract being dated June 21st, 1918, whereby said defendant transferred and conveyed to said plaintiff certain property therein described, and further agreed to pay to said plaintiff, as alimony, the sum of one hundred ($100.00) dollars per month until their daughter, Genevieve Dutton, shall have attained the age of twenty-four years, or shall have died prior thereto, and thereafter shall pay to said plaintiff the sum of $50 per month as alimony until she shall remarry. The court finds that

said contract has been entered into voluntarily by and between the parties thereto, and that the same is fair and equitable to all parties, and that the same should be approved by this court.

"It is therefore ordered, adjudged, and decreed that said plaintiff, Julia Augusta Dutton, be and she is hereby granted a divorce from said defendant, W. Forrest Dutton, said divorce becoming effective six (6) months from date hereof; that she be and hereby is awarded the custody and possession of their minor child, Genevieve Dutton; and that said plaintiff be awarded alimony in the sum of $100 per month until their child shall become twenty-four years of age, or until the death of said child in case it shall occur prior to said date, and after said child shall become twenty-four years of age, or shall have died, thereto, that the plaintiff receive as alimony, the sum of $50 per month until such time as she shall remarry."

The defendant paid the $100 regularly each month up until and including December, 1919, at which time the plaintiff was married to C. S. Stephens. After her marriage, beginning January, 1920, Dutton, construing the decree for alimony to mean $50 for the divorced wife until she married and $50 for the support of their child, refused to pay the $50 for the support of the wife but tendered to her $50 for the support of the child, which she refused to accept. March 16, 1921, she filed an application for an order citing him to appear and show cause why the full amount of $100 per month should not be paid. Dutton filed his response thereto and prayed that the decree be modified to require him to pay $50 a month for the support of the minor child. On the hearing had an order was entered reducing the amount to be paid to $50 a month from the date of filing the response. This order was made because of the changed conditions in that she had married a man of means amply sufficient to furnish her support, and he had remarried and had one child by adoption and soon to become the father of another child. From that order she appeals and contends that the court was without authority under the law to reduce the amount of the alimony after it was fixed by the decree of the court granting the divorce.

Reliance is had upon Mitchell v. Mitchell, 20 Kan. 665, in which Chief Justice Horton said:

"Alimony allowed to a wife on a decree for divorce from the bonds of matrimony by reason of the fault or aggression of the husband, under the statute in this state, is to be based upon the circumstances of the parties at the time of the divorce and is not to be modified by subsequent changes in these circumstances. The court has no power, on subsequent application showing circumstances thereafter arising, to increase or diminish the allowance given in the original judgment."

That is the interpretation placed by the Kansas court upon the alimony statute of that state, which was the same as section 508, Comp. Stat. 1921. But the decree in that case is different from the decree in the case at bar in this, that in that case the decree was for a gross sum to be paid in monthly installments, while in this case the decree is not for a gross sum, but fixes the payments at $100 per month without limitation as to the amount to be paid. The decree, in terms, fixes $100 a month as permanent alimony, but by implication decrees at least a part of that $100 to be for the support of the minor child. The trial court held that the payment might be reduced under section 507, Comp. Stat. 1921, which is as follows:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action"

—which means that he held it to be for the support and education of the minor child.

Is that a correct interpretation of the decree? Section 507, quoted, makes it the duty of the court in such cases to provide for the support and education of the minor children and confers authority upon the court to modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action. If means of support and education of the minor child, which it was the duty of the court to provide, was not included in the $100 monthly payments, then it was not provided in the decree. Section 508, Comp. Stat. 1921, governs as to alimony. In Poloke v. Poloke, 37 Okla. 70, 130 Pac. 535, it was said:

"It clearly appears from the reading of this section that it was the intention of the Legislature to cover the entire subject of the disposition of the property when a divorce is granted. No mention is made of the husband's right to alimony, and it cannot be presumed that it was the intention of the Legislature to allow him alimony."

Section 508 provides:

"***And shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and per-

sonal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, paying either in gross or in installments, as the court may deem just and equitable."

The whole authority of the court for decreeing alimony is found in this section, and no authorization is here found for decreeing alimony in monthly or other periodical payments without limitation as to the amount to be paid. The court has power to decree monthly payments of alimony but if so it must be as installments of a fixed sum specified in the decree. Where it is decreed that monthly payments be made to the wife, without limitation as to the time such payments shall continue, and no definite sum of payment is fixed in the decree, it is not a decree of alimony within the meaning of the statute, although designated as alimony in the decree, and would not fall within the inhibition against modification laid down by the Kansas court in Mitchell v. Mitchell, supra.

We think the interpretation placed upon the decree by the trial court was a correct interpretation of the decree. While the decree designates the $100 monthly payments as alimony, it fixes no definite amount to be paid, and places no limitation upon the time the payments shall continue so that a definite amount to be paid can be determined. We think the monthly payments provided in the decree must be held to be payments for the support and education of the minor child, and therefore it was within the power of the trial court to change or modify the decree according to the changed circumstances of the parties as provided in section 507.

It is contended by plaintiff in error that there was no evidence before the trial court to sustain the finding as to the changed conditions of the parties. The record discloses that no evidence was offered at the hearing by either party. When the case was called for hearing the attorneys made statements to the court upon which the order modifying the decree was based. The order recites that it is made upon admissions of the parties. We think that when a case is tried before a court without a jury and the attorneys representing the parties, in formal statements to the court agree upon the facts, the court is justified in entering judgment upon such agreements and admissions without the introduction of evidence to support such agreements and admissions. Plaintiff in error also complains that the action of the court in making a reduction of the amount to be paid was made retroactive. The order was:

"The court further finds that $400 had accrued before the defendant filed his response and application for modifying, and it is ordered that the defendant forthwith pay said sum to the plaintiff."

These payments not being for a fixed sum and, therefore, not alimony within the meaning of the statute, it was clearly within the power of the court to reduce the payments, and to date such reduction from the time application was made for modification.

We think the order modifying the original decree was clearly within the power of the trial court, and that the findings of fact justified such reduction.

The case should be affirmed.

By the Court: It is so ordered.