## JAVINE v. JAVINE.

No. 18347. Opinion Filed June 12, 1928. Rehearing Denied Jan. 22, 1929.

284

A. C. Brewster and Leahy & Brewster, for plaintiff in error.

John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, for defendant in error.

MASON, V. C. J. The defendant in error obtained a decree of divorce in the district court of Osage county on the 14th day of November, 1922, wherein the plaintiff in error herein was defendant. The decree, in part, provided:

"It is therefore ordered, adjudged, and decreed by the court that the marriage relation heretofore existing between the said Mable C. Javine and Roy Vernon Javine be, and the same is hereby, dissolved, and both parties are released from the same. It is further ordered that the care, custody, and control of the infant children of the parties hereto, Dewey Vernon and Calvin Sevetus and Genieve, be confided to the plaintiff exclusively, and the defendant is hereby enjoined from interfering with either of the said children, or with the plaintiff in her custody of them. It is further ordered, adjudged, and decreed that the plaintiff have and possess as permanent alimony the sum of $100 per month for her support for the period of 15 years from this date, and the sum of $150 per month for the period of 15 years from this date for the support and education of her minor children, said first allowance to be discontinued upon the remarriage of this plaintiff."

Thereafter, on February 24, 1927, the defendant, Roy V. Javine, filed his motion to vacate that portion of said judgment which decreed the plaintiff permanent alimony in the sum of $100 per month for a period of 15 years. A hearing was had on said motion on April 19, 1927, and the defendant, in support of the allegations of his motion, introduced a transcript of the proceedings in said divorce case to support his claim. The plaintiff, over the objection of the defendant, introduced in evidence two marriage licenses showing that the defendant, subsequent to the entry of said divorce decree, had on the 21st day of March, 1923, entered into the marital relationship with one Carrie E. Lowery, and subsequently, on the 26th day of September, 1923, had entered into the marital relationship with one Bessie Coats.

The court rendered judgment overruling said motion to vacate, and the de-
fendant appeals and insists that the court erred in not sustaining said motion.

It is first urged that said decree was void for the reason that the petition upon which it was entered was not verified as true by the affidavit of the plaintiff, as required by section 503, C. O. S. 1921.

Counsel cite Doggett v. Doggett, 85 Okla. 90, 203 Pac. 223, which holds that the provisions of said section are mandatory. An examination of said case, however, discloses that the trial court permitted the petition to be amended by attaching proper verification, and that this action was approved on appeal. Therefore, it does not appear that the court considered such verification as jurisdictional.

In Warner v. Warner, 11 Kan. 122, the Supreme Court of Kansas, in construing an identical section of the Kansas statutes, held that failure to verify a divorce petition was not such a defect as could be reached by demurrer, but could be reached only by motion.

In Rourke v. Culbertson, 78 Okla. 185, 189 Pac. 533, this court held:

"The verification of a pleading is not jurisdictional, and the failure to verify is waived if no objection is made and the cause proceeds to trial on the merits."

In the instant case, personal service of summons was had upon the defendant and he should have appeared and raised this objection prior to the trial of the cause, but, having failed so to do, we are of the opinion that his objection, in the form of motion to vacate the judgment, is raised too late, and verification of the petition must be deemed to have been waived. Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207; Franklin v. Jackson, 78 Okla. 15, 188 Pac. 325.

It is next urged that the portion of the judgment attempted to be vacated is void for the reason that it is not supported or grounded upon any allegations in the petition authorizing the rendition thereof. In the petition, the plaintiff prays for a divorce and for the care and custody of the three minor children, and further prays that the court set apart to her, as alimony for the support of herself and children, the amounts agreed upon by a purported agreement, as one-half of all the payments coming to the defendant as an Osage Indian, and that she be given a reasonable attorney's fee, and further prays "for such other and equitable relief as the

plaintiff may be in justice and equity entitled."

The complaint of the plaintiff in error seems to be that the judgment of the trial court does not follow the agreement of the parties relative to division of the moneys coming to the defendant as a member of the Osage Tribe of Indians, but the judgment complained of is for alimony, and, therefore, not within the allegations and prayer of the plaintiff's petition.

In support of this contention. counsel cite many cases holding, generally, that the relief granted by a trial court must follow the allegations and · prayer of the pleadings. 19 Corpus Juris, 160, sec. 405; Fiedler v. v. Fiedler, 47 Okla. 66, 147 Pac. 769; Ewing v. Ewing, 87 Okla 72, 209 Pac. 440; Western Union Telegraph Co. v. Beach, 88 Okla. 73, 211 Pac. 1034; Central National Oil Co. v. Continental Supply Co., 119 Okla. 190, 249 Pac 347; International Harvester Co. v. Cameron. 25 Okla. 256, 105 Pac. 189.

These cases and the rule therein announced are not applicable to a decree of alimony in a divorce case. The controlling rule applicable herein is announced in the second paragraph of the syllabus in Haven v. Trammel. 79 Okla. 309, 193 Pac. 631. as follows:

"Where a petition for divorce contains a prayer for general equitable relief, but does not specifically pray for alimony, alimony being a mere incident to divorce, may be properly awarded."

It is next urged that the portion of said judgment attacked by defendant's motion was void because not rendered for a gross sum and the amount thereof was not fixed. Counsel cite and rely upon the case of Dutton v. Dutton, 97 Okla. 234, 223 Pac. 149, which holds as follows:

"Where. in a suit for divorce, the court awards 'alimony' to the wife, to be paid in money, it must be for a definite sum, to be paid in gross or in installments."

It will be observed that the cited case does not require the decree for alimony to be for a gross sum, but for a definite sum. The decree in that case provided that the defendant should pay the plaintiff "the sum of $50 per month as alimony until she shall remarry." The court held that said decree was void because it did not provide for a definite sum.

In discussing the question. the court, in the body of the opinion, said:

"Where it is decreed that monthly payments be made to the wife, without limitation as to the time such payment shall continue, and no definite sum of payment is fixed in the decree, it is not a decree of alimony within the meaning of the statute."

It is clear that the court held the decree void, not because it provided for monthly payments, but because it provided for the payment thereof "without limitation as to the time such payments shall continue." Said opinion, at least, inferentially holds that a decree for such payments would not be void where the time such payments shall continue is fixed, as in the instant case.

In Adams v. Adams, 30 Okla. 327, 120 Pac. 566, the plaintiff was awarded alimony in the sum of $1,000, "payable $20 on the 15th of each and every succeeding month until the sum of $1,000 is paid in full." The opinion criticized the decree and declared that it should have provided for "a continuous allotment of sums payable at regular intervals," the length of time being fixed. In the body of the opinion, the court said:

"* * * The order is equivalent to having said that plaintiff shall be paid the sum of $20 each month for a term and period of four years and two months, which is the time it would take, at the rate named, to pay $1.000. We, therefore, do not think the award fatally defective. although not in the best form. We think it means to provide for the payment of alimony 'in a continuous allotment of sums, payable at regular intervals,' and being such. comes fairly within the law."

The type of decree suggested in that case is almost identical with the language of the decree in the instant case. The decree herein provides for the payment of alimony to the plaintiff in the sum of $100 per month for a period of 15 years from date. The Adams Case held the decree should have provided for the payment of $20 each month for a period of ·four years and two months.

We, therefore, conclude that the decree in the case at bar meets the requirements of the prior decisions of this court and is not void for indefiniteness.

Some contention is made that the plaintiff in error is estopped from questioning the validity of said judgment by reason of the fact that subsequent to its rendition he has acquiesced therein and accepted benefits thereunder by again entering into the marital relation.

Inasmuch as we have held that the contentions made in support of his motion to vacate said judgment are without merit, we do not deem it necessary to consider this question.

The judgment of the trial court is affirmed.

LESTER, HUNT, RILEY, and HEFNER, JJ., concur.