## WEST v. WEST.

No. 19229.   Opinion Filed Nov. 27, 1928.

Rehearing Denied Jan. 8, 1929.

Wm. L. McCann, for plaintiff in error.

E. S. Bessey, for defendant in error.

JEFFREY, C. This appeal involves the validity of a part of a judgment for permanent alimony rendered in an action for divorce and alimony between the parties. The action was commenced in the district court of Oklahoma county by Paula West against Rae C. West by the filing of her petition on July 7, 1927. The petition recited the execution of a stipulation between the parties regarding property and alimony, which was filed July 13, 1927, together with a waiver of service of summons executed by the defendant. There were no children of the marriage to be provided for. The cause was tried on plaintiff's petition on August 7, 1927, at which time plaintiff was granted a divorce. The stipulation referred to in the petition, and later filed in the action, recited that defendant owned a home and Willys Knight automobile, and that plaintiff and defendant owned the furniture located in said home, and provided that defendant should convey all of said property to plaintiff. The stipulation further provided:

"It is further mutually agreed by the par-

ties hereto that the defendant shall pay to the plaintiff the sum of $100 per month payable on the 1st day of each month as a complete and permanent property and alimony settlement."

The divorce decree incorporated in full the stipulation, and rendered judgment in favor of plaintiff and against the defendant for the properties and money as per the terms of the stipulation. The concluding portion of the decree is as follows:

"It is further ordered by the court that defendant pay to plaintiff the sum of $100 on the 1st day of September, 1927, to the clerk of said court, and a like sum on the 1st day of each month thereafter as set forth in the stipulation."

After the term at which time judgment was rendered, defendant filed a motion, as provided by section 817, C. O. S. 1921, to vacate that part of the decree requiring the payment of $100 per month on the ground that it was void and unenforceable. Trial was had upon the motion, at which time it was overruled, and the defendant has appealed. It is contended that that part of the decree requiring the payment of $100 per month, not being a definite sum to be paid either in gross or installments, is void; that it is a separable part of the judgment; and that it should have been vacated on motion. Section 508, C. O. S. 1921, provides that when a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court may deem just and equitable. This section of the statute was construed in Dutton v. Dutton, 97 Okla. 234, 223 Pac. 149, wherein it was held that, where a court awards alimony to the wife to be paid in money, it must be for a definite sum to be paid in gross or installments; and that the court is without power to decree the payment of a certain sum per month for an indefinite period as alimony. In that case a decree for monthly payments similar to the one in question was held to be invalid as alimony. To the same effect are the cases of Boulanger v. Boulanger, 127 Okla. 103, 260 Pac. 49, and Hadley v. Hadley, 129 Okla. 219, — Pac. —. The power of the court to grant alimony out of the husband's real and personal property is given by the above

section of the statute, and where a sum of money is decreed as alimony, it is limited to a definite amount which may be made payable either in gross or in installments.

It is suggested by counsel for plaintiff that the provision in the stipulation for the payment of $100 per month, as well as the other property mentioned in the stipulation, was for a division of property jointly acquired by the parties during the marriage as provided by the same section of the statutes, and that the decree should be so construed. The only property mentioned, in so far as the record discloses, is a dental office owned and operated by defendant, a residence in Oklahoma City, the furniture therein, and an automobile. The pleadings and evidence taken on the trial of the motion show that there was indebtedness against the real estate, furniture and automobile, which the husband agreed to pay, and was ordered to pay by the decree. All of this was awarded plaintiff, leaving, so far as the record discloses, only the dental office and equipment to the defendant. There is no showing whatever that the defendant had as his separate property, or as jointly acquired property, any accumulated sums of money whatever. Under this state of the record, the money required to be paid plaintiff each month from future earnings, or acquisition, for an indefinite time, could not be said to be property jointly acquired by the parties during their marriage.

Counsel for plaintiff asserts that that provision of the decree awarding $100 per month is not a separable part which may be stricken down without disturbing the balance of the decree. He cites no authority supporting his position, and we know of none. It would appear that no other part of the decree is made to depend upon this provision for its validity. Since this part of the decree must be held to be void, the question of whether it is a separable part does not really become material except to determine whether the entire decree must fall with it, and no one is asking for that. But if the balance of the decree is valid, there is no reason why it should not be just as effective or equally susceptible of enforcement with the monthly payment feature stricken out as it would be with it remaining. This part of the decree is void. The court was without authority to make it, and it may be set aside upon motion at any time.

It is also asserted that defendant and plaintiff's counsel entered into a conspiracy to defraud plaintiff in the bringing of the divorce action, and that the monthly pay-

ment feature of the stipulation and decree were made in furtherance of their fraudulent' designs. This question, regardless of whether there is evidence tending to establish such, has no place in this appeal. Plaintiff is not seeking to set aside the judgment and decree of the court, but is trying to sustain it. She did not appeal from any judgment or order in the case, and, under the status of this appeal, she can only be heard in support of the judgment which she seeks to sustain.

It is urged in support of the decree that the written contract or stipulation should place the decree in accordance therewith upon a higher plane, and that, by reason thereof, defendant should be estopped to attack the decree. As stated in Dutton v. Dutton, supra, the power of the court to award alimony is found in section 508, supra. And if that section does not give the court jurisdiction of the particular subject-matter, it does not have such jurisdiction, regardless of the agreement and conduct of the parties. Jurisdiction of the court with reference to the subject-matter cannot be conferred nor enlarged by contract, nor by the conduct of the parties. The court has only such powers in this particular as the law gives it.

The order of the trial court overruling defendant's motion to vacate that part of the judgment requiring the payment of $100 per month is reversed, and the cause is remanded, with directions to enter judgment vacating that part of the decree made and entered on August 7, 1927.

BENNETT, HERR, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.