## ODER v. ODER.

No. 19962. Opinion Filed May 19, 1931.

W. Perry Miller and C. A. Summers, for plaintiff in error.

Harry G. Davis and T. J. Wiley, for defendant in error.

HEFNER, J. In May, 1927, a judgment was entered in the district court of Muskogee county wherein a divorce was granted to Ida Oder from George Oder and a decree was entered wherein he was ordered to pay her the sum of $75 per month alimony. In April, 1928, George Oder, the plaintiff in error herein, filed a motion in the district court and alleged that the judgment for alimony in the sum of $75 per month was void. Upon the hearing the court entered an order finding that the decree of alimony, inasmuch as no specific sum was named, was void and should be vacated, and the motion of the plaintiff in error was sustained. After the motion to vacate had been sustained, the court set the case for a hearing to determine the question of alimony. When the case came on for hearing, the plaintiff in error objected to the introduction of any testimony for the reason that the judgment theretofore rendered in the divorce and alimony matter had become final, and that no pleading had been filed by the defendant in error, and that the plaintiff in error was not properly before the court, and that the court had no jurisdiction to determine the question of alimony. This objection was overruled, and the court proceeded to hear the evidence in the cause, and entered a decree that the defendant in error recover from the plaintiff in error alimony in the sum of $2,500, payable in semi-monthly installments of $25 each. This appeal is from that judgment.

The plaintiff in error urges that no proper proceedings were instituted by defendant in error to correct or modify the judgment and that the court erred in attempting to correct and amend the judgment after the expiration of the term on account of a mistake of law.

The proceedings were instituted by the plaintiff in error. He filed his motion and invoked the jurisdiction of the court. He correctly insisted that the judgment in the original divorce decree, which awarded alimony in the sum of $75 per month for an indefinite time and not in a fixed sum, was void. The judgment for alimony was, in effect, a separate judgment, notwithstanding the divorce and settlement of property rights was decreed in the same judgment. In the case of Allred v. Allred, 131 Okla. 55, 267 Pac. 842, this court said:

"An action for divorce and division of jointly acquired property presents two causes of action. They may be maintainable separately or together, likewise, the judgment therein rendered is appealable separately or combined."

Again, in the case of Roth v. Union Nat. Bank of Bartlesville, 58 Okla. 604, 160 Pac. 505, this language appears:

"So if it render a judgment or decree which is within its authority as to part only, but includes also that which is not within

64

its power, the excess will be a nullity, and if the valid and invalid parts are independent of each other, the whole will not be void, but only such part as is in excess of the powers of the court."

There can be no doubt but that the portion of the judgment awarding alimony was void, for, in the case of Boulanger v. Boulanger, 127 Okla. 103, 260 Pac. 49, this court said:

"It may be said that the rule has been definitely fixed in this state, as contended for by plaintiff, that in cases where the decree provides alimony for the wife at a certain sum per month, without fixing a definite amount ultimately to be paid, the decree is void as to the alimony."

From the above authorities it will be seen that that portion, and that portion only, of the judgment in reference to the alimony was void. A void judgment is in reality no judgment at all, and may be attacked in a court or record at any time on motion. In the case of Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613, this court said:

"* * * 'A void judgment may be vacated at any time on motion of any interested party.' The fact that the term of the court at which the judgment was rendered had expired does not serve to give a void judgment any standing. It may be attacked at any time upon motion or collaterally."

In the original divorce proceedings the void judgment as to alimony neither operated as a judgment denying alimony nor as awarding the same. The parties were left in the same position with this question pending before the court. When the plaintiff in error filed his motion and the defendant in error responded thereto, the jurisdiction of the court was invoked. On a hearing the court held that the judgment as to alimony was void. This left the original proceeding as to alimony still pending before the court and undetermined. The court set it for hearing at a definite time and both parties appeared. It determined the question of alimony and entered its judgment in reference thereto. It had jurisdiction to hear and determine this matter, its judgment in awarding the alimony is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur.

ANDREWS and KORNEGAY, JJ., dissent.