## FLAXMAN v. FLAXMAN.

No. 22673.   Sept. 18, 1934.

Bingham, Clearman & Speed, for plaintiff in error.

Wilson, Wilson & Owens, for defendant in error.

PER CURIAM. This is an appeal from an order of the district court of Beckham county overruling a motion to vacate a part of a judgment.

The record discloses that on the 8th day of August, 1923, Phillip Flaxman, hereinafter referred to as plaintiff, was granted a decree of divorce from Cordelia Flaxman, hereinafter called defendant. In this judgment the district court of Beckham county ordered the plaintiff to pay to the defendant, as alimony, the sum of $150 per month so long as the defendant lived and did not remarry. The judgment did not specify any fixed sum to be definitely paid the defendant.

The parties to said action had, prior to 1923, entered into a written contract, whereby the plaintiff was to deliver certain property to the defendant and to pay the defendant the sum of $200 per month during her lifetime or until she remarried. This property agreement was modified by the court, whereby the plaintiff was ordered to pay the defendant the sum of $150 per month, instead of the sum of $200 agreed upon. It appears from the record that the plaintiff has considerable wealth, and that the greater part thereof was accumulated during the married life of said parties. No minor children are involved.

In 1931 plaintiff filed in said action a motion to vacate that part of the judgment wherein the plaintiff was ordered to pay the sum of $150 per month to the defendant, on the ground that the same was void because not definitely fixing the total amount to be paid, or the term during which payments were to be made. The trial court overruled the motion to vacate such part of the judgment, and from that order the plaintiff has appealed to this court.

We think the motion to vacate that part of the divorce decree awarding the defendant the sum of $150 per month as alimony should have been sustained. In the case of West v. West, 134 Okla. 226, 273 P. 209, it was held:

"A provision in a divorce decree awarding alimony to the wife in the sum of $100 per month, without definitely fixing the total amount to be paid or the term during which the payments are to be made, although in conformity to a written stipulation of the parties, is beyond the power of the court to make and enforce, is void, and may be vacated on motion as provided by section 817, C. O. S. 1921."

See Dutton v. Dutton, 97 Okla. 234, 223 P. 149; Boulanger v. Boulanger, 127 Okla. 103, 260 P. 49; Ex parte West, 134 Okla. 228, 273 P. 211; Javine v. Javine, 134 Okla. 283, 273 P. 267; Hadley v. Hadley, 129 Okla. 219, 280 P. 1097; Oder v. Oder, 149 Okla. 63, 299 P. 202.

In West v. West, 157 Okla. 89, 10 P. (2d) 1088, it was stated that where a part of a divorce decree allowing alimony at a certain sum per month, in accordance with a written stipulation of the parties, was invalid because the decree did not fix the total amount to be paid, an action would not lie on the written agreement to pay a certain sum monthly. However, although the part of the divorce decree assailed is void, the defendant is not left wholly without a remedy. As we said in the case of Oder v. Oder, supra:

"In the original divorce proceedings the void judgment as to alimony neither operated as a judgment denying alimony nor as awarding the same. The parties were left in the same position with this question pending before the court. When the plaintiff in error filed his motion and the defendant in error responded thereto, the jurisdiction of the court was invoked. On a hearing the court held that the judgment as to alimony was void. This left the original proceeding as to alimony still pending before the court and undetermined. The court set it for hearing at a definite time and both parties appeared. It determined the question of alimony and entered its judgment in reference thereto. It had jurisdiction to hear and determine this matter, and its judgment in awarding the alimony is affirmed."

The same rule is followed in Dutton v. Dutton, supra, and in Dresser v. Dresser, 164 Okla. 94, 22 P. (2d) 1012.

The order of the trial court overruling plaintiff's motion to vacate that part of the judgment requiring plaintiff to pay the defendant the sum of $150 per month is reversed and the cause remanded, with directions to enter judgment vacating that part of the judgment and to determine the question of alimony between said parties.

The Supreme Court acknowledges the aid of attorneys T. R. Blaine, H. G. McKeever, and Harry O. Glasser in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blaine, and approved by Mr. McKeever and Mr. Glasser, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.