### FINLEY v. FINLEY.

No. 25515.   Oct. 8, 1935.

Rehearing Denied Nov. 5, 1935.

Lowery H. Harrell, Aubrey M. Kerr, Clyde L. Andrews, Robert S. Kerr, and Thos. G. Andrews, for plaintiff in error.

J. F. McKeel, for defendant in error.

PHELPS, J. The plaintiff and defendant were formerly husband and wife. On November 20, 1926, they made a written separation agreement that the defendant would convey certain real and personal property to plaintiff and would pay her $60 per month as alimony and separate maintenance "during the lives of the parties hereto." The preamble to the contract was:

"Whereas, certain differences have arisen between the parties hereto, by reason whereof they have separated and consented and agreed to live separate and apart in the future and during their natural lives in accordance with the terms and conditions hereinafter set out."

It further provided that neither of the parties would file any suit for "judicial settlement of the further rights of the parties hereto so long as both parties live up to the promises, terms and provisions of these articles of agreement," but that either party was at liberty at any time to bring action for divorce on any existing grounds of divorce. Notwithstanding that provision, four days after the execution of the contract the plaintiff sued her husband for divorce and in her petition she set forth the foregoing contract and prayed for judgment in the amount provided therein. The defendant did not contest the divorce action and the court granted the relief prayed for, divorced the parties, ordered the conveyances of real and personal property and awarded her alimony in exact accord with the provisions of the contract, and in fact the decree set forth the contract as the basis of its property

award and computation of alimony. The portion of the decree awarding plaintiff $60 per month did not limit the period of payments nor the total amount thereof.

The defendant made the conveyances, and made the monthly payments to plaintiff regularly for several years, but eventually began occasional defaults. Thereafter, in 1932, the plaintiffs instituted the present action against defendant, on the written contract of November 20, 1926, as if the parties had never been divorced, and asked judgment for the amount due and unpaid to the date of filing of the suit, being the total of the unpaid monthly installments due to that date.

The case was tried to a jury and resulted in a verdict for the plaintiff. The defendant appeals, contending that the contract was merged into the judgment in the divorce proceedings, and was thereby extinguished and that plaintiff now has no rights except under and by virtue of the decree in the divorce case. In meeting this argument plaintiff contends that because the divorce decree did not limit the alimony payments in time, or total, it is void in that respect, under the holdings of this court, hereinafter discussed, and that since the alimony judgment is void the contract is still enforceable as to the monthly payments provided for therein. But the defendant answers this argument by pointing out that although the alimony provision in the divorce decree is void, the court still has continuing jurisdiction in that action and may correct the defect by amending its order so as to place some limitation upon the period or total amount of the alimony payments. In other words, "another action pending."

In Dutton v. Dutton, 97 Okla. 234, 223 P. 149, and in West v. West, 134 Okla. 226, 273 P. 209, it was held that a provision in a divorce decree awarding alimony without definitely fixing the total amount to be paid or the term during which the payments are to be made, although in conformity to a written stipulation, is beyond the power of the court to make and enforce, and is void, but in Oder v. Oder, 149 Okla. 63, 299 P. 202, we held that although that provision is void, the question is nevertheless still pending before the court, and the court may correct the error, thus validating the alimony award by making the period of payments, or the total amount thereof, definite and certain.

Agreements of separation are ordinarily held to be extinguished by subsequent conduct of the parties destroying the separate relationship upon which such agreements are founded. For instance, in Fowler v. Fowler, 119 Okla. 95, 248 P. 629, this court held that where a separation agreement contemplated the immediate separation of the parties, and in pursuance of said contract the parties thereafter did remain separate and apart for a considerable length of time, a resumption of the marital relationship put an end to the contract, and that the contract imposed no limitations upon the court, in a divorce action thereafter instituted by one of the parties, in settling and adjusting the property rights of the parties.

That is one extreme, where the parties go back together. The contract is extinguished. The other extreme is where they obtain a divorce, in which case it is provided by section 673, O. S. 1931, that the divorce bars any claim of either party in or to the property of the other, except in cases of actual fraud by the successful party. Thus it appears that the operation of separation contracts is quite generally limited to the duration of separation, as such.

It is fundamental that when parties to a divorce action present the court with their agreement as to the proper division of the property, said agreement is not necessarily binding upon the court, and the court may make the distribution which seems most equitable and just. Therefore, even had the contract in this case been one in contemplation of divorce, the court would not necessarily have been bound thereby. Suppose the court, not feeling bound by the contract, had awarded the plaintiff in the divorce action only $30 per month instead of the $60 which was awarded. Could the wife receive and accept the $30 per month, under said divorce decree, and then maintain an action on the contract for $60 per month? It is obvious that she could not, for in such a case it is apparent that the contract would be extinguished by the decree.

No purpose or intent to support the wife, other than as a wife, though separated, can be deduced from the contract and the surrounding circumstances. The contract was made in recognition of and with reference to the continued marital relationship. There are many cases of marital separation where a hope of reconciliation remains in one or both of the parties. Whether it existed in this case is not material, but it is reasonable to assume that while parties in this situation may be perfectly willing to stipulate as to the amount of separate maintenance to be paid during the relationship of husband

and wife, and while the hope of reconciliation is yet alive, still they possibly would not be willing to make the same agreement concerning alimony payments, to follow a divorce.

Under what status or identity is the plaintiff given a cause of action against the defendant, by the terms of this contract? Purely and only as a wife, although separated from her husband. But she is no longer a wife. There is no contention that the portion of the decree awarding her a divorce is invalid. In legal identity she no longer occupies the status in which, under the contract, she obtained the right to demand the monthly payments. The essence of the contract was the support of a wife, living apart from her husband. There is no longer any wife to support, even though the court does have the power to require alimony payments to her as an ex-wife. But those payments must be derived under and by virtue of the decree in the divorce case.

Not only in Oklahoma, but in virtually all of our sister states, a decree of divorce is deemed an adjudication between the divorced parties of all property rights or questions connected with the marriage relation. The state of Michigan has a statute (Comp. Laws Mich. 1929, sec. 12766) similar to our section 673 supra. Under the provisions thereof, it was held in Gunn v. Gunn (Mich.) 171 N. W. 371, that an independent suit, in seeking to modify a final divorce decree, brought by the divorced wife for the enforcement of a postnuptial agreement, is barred by the final decree of divorce. And in the case of In re Heivly's Estate (Kan.) 169 P. 1141, it was held that a divorce decree bars recovery on the probate court's previous allowance, to the wife against the husband's estate for expenses paid while she was his guardian before the divorce.

In the case of Spreckles v. Wakefield, 286 Fed. 465, it was held that an agreement between a husband and wife, who were separated and contemplating divorce, that from the entry of a decree of divorce the husband would pay the wife $350 a month for her life, was merged in and superseded by a divorce decree awarding the wife $10 a month as alimony and $100 a month for the support and maintenance of each child during their minority, especially where payments were not made in accordance with the contract, but were probably made in obedience to the decree without protest. There the court invoked the principle that a decree of divorce is deemed an adjudication of all property rights and questions connected with the marriage relation.

More as illustrative of the conclusive finality of divorce decrees concerning the property rights of the parties, than for any reason connected with the present case, the case of Privett v. Privett, 93 Okla. 171, 220 P. 348, is helpful. It was held that an order making equitable division of property between a husband and wife in a divorce case in which a divorce was denied, is final as between the parties, and precludes the court from making other dispositions in a subsequent action between the same parties.

When the wife submitted the contract to the court in the divorce case she chose her forum for the enforcement thereof, even though it was not a contract in contemplation of divorce. It would be inconsistent to then permit her recovery in a subsequent action on the same contract, so long as the first judgment she obtained thereon may be made effective. It is within the power of the court to modify its judgment in the divorce decree so as to award the plaintiff whatever sum of alimony the facts justify. It is interesting in this connection to note that apparently she seeks to retain the benefit of those provisions of the contract concerning conveyances of property which were incorporated into the decree, thus, in effect, splitting her cause of action on the contract.

Further, it should be observed that the contract provides no limitation, either in amount of money to be paid or in the period of installment payments. Therefore, should successive actions on the contract be permitted for the entire period of plaintiff's life, the result would be the doing indirectly of that which cannot be done directly, in that a divorce decree having such provision is void. Her recovery in the present action could be called nothing but alimony.

Whether or not the court was bound by the terms of the contract in the divorce action, the plaintiff herself submitted the contract to litigation in that action, and so long as the judgment therein can be modified to afford substantial justice to the parties (and it can) she cannot complain. In the briefs it is stated that there is a motion pending in the divorce case, filed by the defendant, to vacate that portion of the decree awarding monthly alimony payments. Of course, the court is not required to either sustain or overrule that motion in toto, but, upon the same motion, may modify

the decree in accordance with the previous holdings of this court, cited herein, or may proceed 'according to the procedure described in second syllabus paragraph of Flaxman v. Flaxman, 169 Okla. 65, 35 P. (2d) 950, which see.

The judgment is reversed and remanded, with directions to dismiss the petition, without prejudice to plaintiff's remedy in the divorce case.

McNEILL, C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.