## Ex parte SINNITT.

No. 26745.   Dec. 8, 1936.

Rehearing Denied Jan. 5, 1937.

P. K. Morrill, for petitioner.

L. B. Yates and Guy P. Horton, for respondent.

BAYLESS, J. Brooks Sinnitt petitions this court for a writ of habeas corpus, alleging that he is illegally restrained of his liberty by the sheriff of Jackson county, Okla., under and by virtue of a judgment of the district court of Jackson county, Okla., adjudging him guilty of indirect contempt for his failure to comply with an order of that court. He alleges said order to be void.

Petitioner's wife was granted an absolute divorce from him on October 12, 1925, and the journal entry of judgment contains the following:

"It is further ordered and adjudged that the defendant pay to the plaintiff as her reasonable alimony in money the sum of fifty dollars ($50) each month, payable on the 15th day of each month, said amount to be paid the county clerk of Jackson county for the use of said Exer Sinnitt and her children Max L. Sinnitt and John Sinnitt."

Relying upon the rule of law announced in the cases of Odor v. Odor, 149 Okla. 63, 299 P. 202, Flaxman v. Flaxman, 169 Okla. 65, 35 P. (2d) 950, and West v. West, 134 Okla. 226, 273 P. 209, that an award of alimony which is indefinite as to the total amount to be paid is void, and that no conviction for contempt for failure to obey can be sustained, the petitioner seeks his release.

The petitioner has not taken into account the rule of law announced in the cases of Dutton v. Dutton, 97 Okla. 234, 223 P. 149, Boulanger v. Boulanger, 127 Okla. 103, 260 P. 49, and Hadley v. Hadley, 129 Okla. 219, 280 P. 1097, to the effect that where the court decrees the payment of a certain sum monthly to the wife, without limitation as to ultimate amount, for alimony and for the use or support of the wife and their children, and where no other provision is made for the support of the children, the courts will deem that such monthly sum is for the support of the children and their education, even though it be called alimony, and will not hold the decree to be void because of indefiniteness as to the ultimate amount of alimony. Writ denied.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., dissents. RILEY, J., absent.

WELCH, J. (dissenting).   I cannot es-

cape the conclusion that the syllabus states an erroneous rule of law and that the majority opinion erroneously concludes that the writ should be denied.

It seems to me that the rule stated in the syllabus is in direct conflict with our former decisions. It has been repeatedly held that any decree is void in so far as it directs the payment of alimony at a certain sum per month without fixing definite amount ultimately to be paid. Oder v. Oder, 149 Okla. 63, 299 P. 202; West v. West, 134 Okla. 226, 273 P. 209; Flaxman v. Flaxman, 169 Okla. 65, 35 P. (2d) 950.

This decree, entered in 1925, either directs the payment of alimony to the wife and is wholly void, or it in part directs the payments of alimony to and for the wife, and in part directs the payment of money for the support of children, in which event it is partly valid and partly void, with no means or method of separating the valid part from the void part.

The petitioner is imprisoned for violating the order as a whole. He cannot gain his release until he complies with the void part of the order as well as the valid part of it. It is my view that such imprisonment is illegal and justifies release by writ.

This does not mean that the petitioner may escape his responsibility to support his children, because that is a continuing duty, nor does this mean that petitioner may not be imprisoned for failure to make payments for the support of his children. A valid order requiring him to make such payments may surely be obtained and be enforced by imprisonment if necessary. The duty of a father to support his children is a continuing one and he cannot shift such burden to others, as this court held in Hart v. Hart, 177 Okla. 428, 60 P. (2d) 747.

In view of the adequate and ample remedies afforded for the obtaining of a valid order for child support, either at the time of divorce or afterwards, I find no necessity for this court to approve imprisonment on an order which must be conceded to be either wholly void under our decisions, or at least partly valid and partly void.

The trial of petitioner upon the contempt citation resulted in his being found "guilty, as charged, of contempt of court for failure to pay alimony as ordered by the court."

The parties here quote several paragraphs of the court's instructions in which the charge against petitioner is referred to repeatedly as his failure to pay alimony. It is strongly indicated that the trial court

looked upon the original order as being an order to pay alimony, as is also indicated by the first few lines of the quoted order:

"It is further ordered and adjudged that the defendant pay to the plaintiff as her reasonable alimony in money the sum of fifty dollars ($50) each month. * * *"

The majority opinion relies upon the Dutton, Boulanger, and Hadley Cases therein cited. In those cases the trial court's orders were construed to be orders for child support and not alimony orders. Each case was based upon the language there used, and emphasis was given to the fact that no other provision was made for minor children. Those cases were before this court on appeal wherein the complete order and the whole record was presented. If this case were here on appeal from the divorce judgment, and if the facts and the record would justify it, then this court might also give that construction to this order, but without that record we should not say that this order must be so construed.

Surely neither of those cases goes to the extent of justifying the rule stated in the syllabus of the majority opinion here adopted.

It appears from the pleadings and briefs now before us that the petitioner is imprisoned for failure to comply with the order quoted in the majority opinion. It is my view that he may test the validity of his imprisonment on that order in this action, and that we should measure the validity of his imprisonment by the validity of that order, and to the extent that the order is void then likewise is the imprisonment invalid. Ex parte Deickman, 33 Okla. 749, 127 P. 1077; In re West, 134 Okla. 228, 273 P. 211.

This order upon its face is an alimony order and void under our decisions. The fact that in three other cases by reason of the facts and record in each case similar orders were construed as intending to provide support for minor children, and were therefore child support orders, does not necessarily mean that this alimony order is not an alimony order, but is solely a child support order. If it be said that the divorce trial record here would likewise justify a construction of this alimony order to be solely a child support order, it is a sufficient answer to say that such record is not before us.

I fully agree the petitioner should discharge his duty to support his children. And when a valid order is made requiring him to do so, he may be imprisoned for its viola-

tion, as we have often held. But it is my view that no matter what the duty is to perform, no man may be properly imprisoned for violating an order which is void as shown by the face of the order. For these reasons, I dissent.

I am authorized to say that Mr. Justice RILEY joins me in these dissenting views.