1999 OK 91

**George Bryan WHITEHEAD, Appellant,**

v.

**Minnie Amelia WHITEHEAD, Appellee.**

**No. 90313.**

Supreme Court of Oklahoma.

Nov. 23, 1999.

As Corrected Dec. 6, 1999.

Steven E. Ferguson, Crabb, Ferguson & Riesen, Oklahoma City, Oklahoma, for appellant.

Joseph E. McKimmey, Shawnee, Oklahoma, for appellee.

LAVENDER, J.

¶1 The appellant, George Bryan Whitehead, brought a post-divorce proceeding on October 29, 1996, to terminate support alimony and insurance coverage to the appellee, Minnie Amelia Whitehead. The appellant, who had been the plaintiff in the divorce, granted September 25, 1995, claimed that the decree was void on its face because the support alimony obligation violated the "sum certain" requirement found in *Mayhue v. Mayhue*, 1985 OK 68, 706 P.2d 890; *Clark v. Clark*, 1969 OK 141, 460 P.2d 936; and *Munsey v. Munsey*, 1963 OK 225, 385 P.2d 902. The appellee answered that the orders contained in the divorce decree were by agreement of the parties.

¶2 The decree had recited that the appellant, George Bryan Whitehead, had appeared in person, *pro se*, and that the appellee, Minnie Amelia Whitehead, had filed a waiver to the effect that the cause could be tried at

any time without further notice. The decree records that the parties had entered into an agreement concerning division of jointly acquired property. It further records that "according to the terms of the Agreement of the parties" certain property was awarded to the appellant and certain property to the appellee.

¶3 The portion of the decree regarding alimony, which is at issue, provides:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to the agreement of the parties, the Plaintiff be and is hereby Ordered to pay to the Defendant, the sum of $650.00 per month, as and for alimony for support, for such period as he continues to draw employment or retirement income from Burlington Northern and Army retirement. The first such payment to be made on or before the 1 day of October, 1995, with each subsequent payment to be made on or before the 1 day of each month thereafter. Such alimony for support shall terminate upon the remarriage of the Defendant."

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff, shall continue to provide and pay for the same or equivalent Health and Dental insurance of the Defendant as she is now covered by, for such period as he continues to draw employment or retirement income from Burlington Northern and Army retirement. Plaintiff's obligation to provide such Health and Dental Insurance shall terminate upon the remarriage of the Defendant."

In addition, above the signatures of the parties is the notation: "Approved as correctly stating our understanding of the Agreement of the parties." Neither party had sought appellate review of the decree.

¶4 The trial court found that the divorce decree was a valid consent decree. The Court of Civil Appeals reversed and remanded, and this Court has granted certiorari. We hold that the divorce decree is a valid consent decree.

## I. The Sum Certain Requirement for Support Alimony

¶5 Alimony is an allowance made by the court for the maintenance of a party out of the separate property of the other party, either in the form of money or in the form of property carved out of the property estate. *Tobin v. Tobin*, 89 Okla. 12, 213 P. 884, 888 (1923). Alimony must be predicated on what is reasonable for the support of the party, under all of the circumstances of the case. *Noel v. Noel*, 206 Okla. 16, 240 P.2d 739, 741 (1952).

¶6 The Court in *Dutton v. Dutton*, 97 Okla. 234, 223 P. 149 (1924), held that the whole authority for decreeing alimony was found in Comp. Stat.1921, § 508,[1] and based on the wording of that statute a court had power to decree monthly payments of alimony only "as installments of a fixed sum specified in the decree." *Dutton*, 223 P. at 150.

¶7 In *Frensley v. Frensley*, 177 Okla. 221, 58 P.2d 307 (1936), the Court referred to this rule as "the rule repeatedly recognized" that, "Where, in a suit for divorce, the court awards alimony to the wife, to be paid in money, it must be for a definite sum, to be paid in gross or in installments." *Frensley*, 58 P.2d at 312. The Court cited *Dutton* and seven other cases as authority.[2] In 1976,[3] the legislature deleted the phrase "by decreeing to her such sum of money." The statute, now codified at 43 O.S.Supp.1998, § 121,[4] no

---

1. Comp. Stat.1921, § 508 provided in pertinent part: "And shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable."

2. *Finley v. Finley*, 174 Okla. 457, 50 P.2d 643 (1935) *Flaxman v. Flaxman*, 169 Okla. 65, 35 P.2d 950 (1934); *Oder v. Oder*, 149 Okla. 63, 299 P. 202 (1931); *Javine v. Javine*, 134 Okla. 283, 273 P. 267 (1929); *West v. West*, 134 Okla. 226, 273 P. 209 (1929); *Hadley v. Hadley*, 129 Okla. 219, 280 P. 1097 (1929); *Boulanger v. Boulanger*, 127 Okla. 103, 260 P. 49 (1927).

3. 1976 Okla. Sess. Laws, ch. 154, § 1.

4. Title 43 O.S.Supp.1998, § 121 (1992 Okla. Sess. Laws, ch. 252, § 3) provides in pertinent part: "Alimony may be allowed from real or

longer contains the phrase. Nevertheless, the sum certain rule has continued in effect. *Mayhue*, 1985 OK 68, ¶ 6, 706 P.2d at 894.[5]

¶ 8 Where the divorce decree on its face reveals that money awarded as alimony was not in a definite fixed sum, the award is void and subject to being attacked after term. *Clark*, 1969 OK 141, ¶ 16, 460 P.2d at 939. Such a decree is subject to attack directly or collaterally. *Clark*, 1969 OK 141, ¶ 17, 460 P.2d at 940.

## II. The Consent Decree Exception to the Sum Certain Requirement

¶ 9 A consent judgment[6] is the agreement of the parties entered upon the record with the sanction of the court. *McRary v. McRary*, 228 N.C. 714, 719, 47 S.E.2d 27, 31 (1948). A consent decree in a divorce is the result of negotiations between the parties and subsequent settlement of the issues involved, which settlement is then presented to the court as a proposed judgment. Although it is not a judicial determination of the rights of the parties, it acquires the status of a judgment through the approval of the judge of the pre-existing agreement of the parties. *McRary*, 228 N.C. at 719, 47 S.E.2d at 31. The law and public policy favor settlements and compromises, entered into fairly and in good faith between competent persons, as a discouragement to litigation. *St. Louis & S.F.R. Co. v. Chester*, 41 Okla. 369, 138 P. 150 (1914).

¶ 10 Judgment by consent must appear on the face of the record, but the fact of the consent may be established by other evidence. *Stuart v. Stuart*, 1976 OK 107, ¶¶ 8, 10, 555 P.2d 611, 614. If the agreement between the parties regarding support and

maintenance is intended as final and binding, leaving nothing for determination by the court on the question of the amount of the allowance, such decree is not subject to modification without the consent of both parties. *Stuart*, 1976 OK 107, ¶ 14, 555 P.2d at 615. Such an agreement between the parties is enforceable and valid even though it does what a trial court cannot do, provided the agreement does not contravene public policy. *Perry v. Perry*, 1976 OK 57, ¶¶ 7–8, 551 P.2d 256, 258. In *Perry*, the Court held that the legislature did not intend to preclude parties, in contemplation of divorce, from freely contracting with respect to disposition of their property and alimony for support. *Perry*, 1976 OK 57, ¶ 8, 551 P.2d at 258.

¶ 11 In *Murphy v. McElroy*, 185 Okla. 388, 92 P.2d 369 (1939), the wife had filed an action against the husband for divorce, and the parties subsequently entered into a contract providing for payment by the husband to the wife for $87.50 on the third and nineteen days of each month so long as both of the parties were living, and so long as the wife remained unmarried. The divorce decree itself made no reference to settlement of property rights or alimony. The defendant performed his part of the contract for ten years, but then discontinued payments. When the wife sued upon the contract for recovery the trial court rendered judgment for the defendant. The defendant contended on appeal that the contract was invalid because it was indefinite as to termination and uncertain as to amount. The Court cited the long line of decisions holding that where a divorce decree provides for alimony to the wife at a certain sum per month without fixing a definite amount ultimately to be paid, the decree was void as to the alimony.[7] But

---

personal property, or both, or in the form of money judgment, payable either in gross or in installments, as the court may deem just and equitable."

5. *Mayhue* stated the rule as: "When alimony is in the form of money payments, the award is void if the total amount of the adjudged obligation is not fixed in a sum certain or is not in a sum capable of being made certain by reference to the terms of the decree." *Mayhue*, 1985 OK 68, ¶ 6, 706 P.2d at 894.

6. Because the distinction between suits in law and equity have been abolished in this state, the terms "decree" and "judgment" are interchangeable. *Henderson v. Arkansas*, 71 Okla. 253, 176 P. 751, 753 (1918), see also *Finnell v. Finnell*, 113 Okla. 269, 230 P. 912, 913 (1924). "A judgment is the final determination of the rights of the parties in an action." 12 O.S.1991, § 681.

7. *Murphy*, 92 P.2d at 371. The Court cited *Finley v. Finley*, 174 Okl. 457, 50 P.2d 643 (1935); *Flaxman v. Flaxman*, 169 Okl. 65, 35 P.2d 950 (1934); *West v. West*, 157 Okl. 89, 10 P.2d 1088

the Court observed that this rule applies only to judgments and decrees of courts, and rests upon the sound public policy that judgment liens should be definite and certain as to amount. *Murphy*, 92 P.2d at 371. The Court continued that the statutes contained no prohibition against contracts between spouses to pay a sum of money, at intervals, over the life of one or the other of the parties, for a proper and lawful consideration. *Murphy*, 92 P.2d at 371. Citing §§ 1655 and 1656 of the 1931 statutes [8] the Court held that contracts between husband and wife, after separation and pending a divorce, are authorized by statute and lawful, and that the statutes do not require that the sums of money paid as future maintenance be in a fixed sum. *Murphy*, 92 P.2d at 373. The Court commented that settlements in civil controversies were to be encouraged, and that the general rule favoring settlement of controversies between those actually in, or about to be brought into litigation, applied to settlement of property rights, future support and alimony between husband and wife who are, or are about to immediately become separated. *Murphy*, 92 P.2d at 373.

### III. The Decree in the Case at Bar Fits Within the Exception

¶ 12 The appellant asserts that the divorce decree in the matter before us was not a consent decree, but merely the product of an agreed, waiver divorce. He supports this assertion by arguing that a consent decree requires a separate, written agreement other than the divorce decree, and cites *Stuart*, and *Ettinger v. Ettinger*, 1981 OK 130, 637 P.2d 63. Although those two cases involved separate, written agreements from the decree, we see little to be gained by requiring a separate, written agreement. Requiring a separate writing does nothing to further the intent of a consent judgment that there be agreement of the parties concerning the details of the settlement. The cases cited intend to assure that consent judgments be negotiated settlements, as any contract would be, and not merely reflect the acquiescence of a default decree.

¶ 13 Looking to the decree in the case at bar, there are several provisions to support the trial court=s conclusion that the decree was a consent decree. Finding number 6 in the decree provides: "That the parties have entered into an agreement as to the division of the jointly acquired property of the marriage; that said division is fair and equitable, and that the agreement of the parties should be approved." The trial court then orders, "that the Agreement of the parties as to the division of the jointly acquired property of the marriage, be and the same is hereby approved as fair and equitable." Two following paragraphs set forth the terms of the "Agreement." The paragraph quoted earlier concerning the support alimony asserts that it is "pursuant to the agreement of the parties." And finally, above the signatures of the parties, is the sentence, "Approved as correctly stating our understanding of the Agreement of the parties."

### IV. Waiver

¶ 14 The appellant also argues that his waiver of the sum certain requirement, and the definite term requirement in the decree that he presented to the trial court could not be legally binding because neither he nor the appellee had consulted a lawyer regarding their rights being affected by the alimony provisions. Parties contemplating a divorce are free to contract for

(1932); *Oder v. Oder*, 149 Okl. 63, 299 P. 202 (1931); *Javine v. Javine*, 134 Okl. 283, 273 P. 267 (1929); *West v. West*, 134 Okl. 226, 273 P. 209 (1929); *Boulanger v. Boulanger*, 127 Okl. 103, 260 P. 49 (1927); and *Dutton v. Dutton*, 97 Okl. 234, 223 P. 149 (1924).

8. 1655 (now codified as 43 O.S.1991, § 204) provides: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other as defined by the title on trusts."

Section 1656 (now codified as 43 O.S.1991, § 205) provides: "A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree in writing to an immediate separation, and may make provision for the support of either of them and of their children during such separation."

disposition of their property and for alimony as support, which the trial court may at its discretion incorporate into the divorce decree. *Perry*, 1976 OK 57, ¶ 6, 551 P.2d at 257, citing *Miller v. Miller*, 1969 OK 92, 456 P.2d 113. Where the husband and wife enter into an agreement subsequently incorporated into the divorce decree, they waive those rights granted to them under a statute inconsistent with the decree. *Perry*, 1976 OK 57, ¶ 9, 551 P.2d at 258.

¶ 15 But a determination that the appellant waived his rights under the sum certain rule is not necessary to decide this case. As stated above in the *Murphy* case, 43 O.S.1991, § 205, provides for just such agreements. The appellant admits on page 1 of his Brief in Chief that the appellee informed him of the terms upon which she would agree to a divorce, and that an agreed Decree of Divorce was entered on September 25, 1995. The fact that the decree itself reflected the terms of the agreement negotiated between the parties rather than a separate written document prepared by attorneys for the parties is of no legal significance.

### V. Conclusion

¶ 16 The divorce decree of September 25, 1995, is a consent decree, which is shown on the face of the judgment, and which is supported by the evidence. Although the decree does not set a sum certain or a specific date for termination of the support alimony, such an agreement is permitted in a consent decree, and is enforceable as a judgment of the court. Having previously granted certiorari, the opinion of the Court of Civil Appeals is VACATED, and the judgment of the trial court is AFFIRMED.

¶ 17 SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, OPALA, WATT and BOUDREAU, JJ., concur.

¶ 18 KAUGER, J., concurs in result.

