2012 OK 1

**Shelly Renee DILBECK,**
**Plaintiff/Appellee,**

v.

**Timothy Edward DILBECK,**
**Defendant/Appellant.**

**No. 107,842.**

Supreme Court of Oklahoma.

Jan. 17, 2012.

Rehearing Denied March 6, 2012.

Grace K. Yates, Kenneth E. Holmes, Holmes and Yates, Ponca City, Oklahoma, for plaintiff/appellee.

James S. Matthews, Jr., Oklahoma City, Oklahoma, for defendant/appellant.

WINCHESTER, J.

¶ 1 The plaintiff/appellee, Shelly Renee Dilbeck, now Doshier, and the defendant/appellant, Timothy Edward Dilbeck, were divorced by consent decree in 2001. This Court granted certiorari to address the sole question raised in the petition for certiorari, which involves payments on the property settlement set out in the decree, the effect of a clause in the decree regarding interest, and the proper date or dates from which the statute of limitations begins to run.

## I.  FACTS AND PROCEDURE

¶ 2 The divorce decree required Mr. Dilbeck to pay property division alimony according to the schedule provided within that document, and the judgment would not accumulate interest as long as it was paid in full according to the schedule. In the event he missed any payment the entire amount was to accumulate interest at the judgment rate. After some initial payments, Mr. Dilbeck did not pay the final payments.

¶ 3 The decree provided that:

"... Defendant should be ordered to pay to Plaintiff property division alimony as follows: One Hundred Nine Thousand Eight Hundred Eighty–Seven and 00/100 Dollars ($109,887.00), payable as follows:

$25,000 previously paid in March, 2000;

$9,000 previously paid in December, 2000;

$6,000 to be paid June 1, 2001;

$23,295.67 to be paid on December 1, 2001;

$23,295.67 to be paid on December 1, 2002; and

$23,295.67 to be paid on December 1, 2003.

"Said judgment to not accumulate interest as long as paid in full according to the schedule outlined above. In the event any payment is missed, the entire amount will accumulate interest at the judgment rate. Said judgment to operate as a marital lien on the property awarded the Defendant."

¶ 4 Regarding this amount, the district court in its order filed January 14, 2010, specifically found "This 'judgment' does not contain an acceleration provision requiring at 'holder's' option to declare the entire balance due upon any particular default in payment as was argued by Defendant." The court found that the statute of limitations did not begin to run until December 1, 2003, and that the statute is one as an action against a written document, which would result in a limitation period of five years. The court found that the action was commenced within five years. The Court of Civil Appeals held that because the parties agreed the entire amount would accumulate interest at the judgment rate in the event any payment was missed, that it "logically follows" the consequence of the entire amount accumulating

interest is then the entire amount itself was accelerated.[1] Accordingly, the five year period would have expired by December 2006.

## II. ACCUMULATING INTEREST

¶5 The parties in this matter agreed to the terms in this divorce; making this judgment a consent decree. A consent decree in a divorce is an agreement of the parties entered upon the record with the sanction of the court. *Whitehead v. Whitehead*, 1999 OK 91, ¶9, 995 P.2d 1098, 1101. That decree results from negotiations between the parties and a subsequent settlement of the issues involved, which settlement is then presented to the court as a proposed judgment. When the judge approves that agreement, it acquires the status of a judgment. The law and public policy favor such settlements and compromises when they are entered into fairly and in good faith. *Whitehead*, 1999 OK 91, ¶9, 995 P.2d at 1101. The parties in contemplation of divorce may agree to do what the trial court cannot do and such an agreement is valid and enforceable, provided such a contract does not contravene public policy. *Perry v. Perry*, 1976 OK 57, ¶7, 551 P.2d 256, 258. The issues in *Whitehead* and *Perry* arose from disputes over support alimony, but these generalizations are applicable to both support alimony and property division.

¶6 The consent agreement in the cause before this Court fixes amounts to be paid at determinable intervals. In a divorce decree incorporating a consent agreement regarding property division, the sums required to be paid by the decree do not have to be a fixed amount or for a determinable time. *Mills v. Mills*, 1973 OK 74, ¶¶30, 32, 512 P.2d 143, 150, 151. The language of the decree quoted above does not mention the word "acceleration," nor do we understand that to be the clear intent of the paragraph.

¶7 The consent decree agrees to forgo interest unless Mr. Dilbeck misses a payment, in which case "the entire amount will accumulate interest at the judgment rate." No wording implies that even the interest is accelerated, only that the judgment amount will accumulate interest. The installments were still due on the dates set out in the decree. But the failure of Mr. Dilbeck in making payments resulted in interest being added to the judgment amount, where interest was not due prior to his failure to pay an installment.

## III. STATUTE OF LIMITATIONS

¶8 Having determined that the installments in the decree did not provide that all property division installment payments would be accelerated when a payment is missed, we determine that the statute of limitations did not begin to run for all payments on December 1, 2001. The plaintiff, according to the record before us, commenced this action on June 13, 2008. The right to enforce periodic payments of property division, pursuant to a divorce decree, accrues on each payment when it is due, and the statute of limitations begins to run on each installment from the time fixed for its payment. *Record v. Record*, 1991 OK 85, ¶18, 816 P.2d 1139, 1143.

¶9 Because these installments are a part of an agreed property division, and the installments accrue on different dates, the limitations statute of five years for the December 1, 2003, installment of $23,295.67 had not yet lapsed when this lawsuit was filed. 12 O.S. 2011, 95(A)(1), and 12 O.S.2011, 735. The plaintiff, consistent with the divorce decree, is entitled to the December 1, 2003, installment and the interest at the judgment rate on that installment. The time for the prior installments lapsed. We therefore affirm the decision of the Court of Civil Appeals in part, and reverse its decision on property division. We remand to the trial court for review of the property division with instructions to recalculate the amount due to the plaintiff in a manner consistent with this opinion.

THE DECISION OF THE COURT OF CIVIL APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THIS CAUSE IS REMANDED TO THE TRIAL COURT.

ALL JUSTICES CONCUR.

---

1. Court of Civil Appeals Opinion, p. 10, ¶24.