**Lynn STEINCAMP, Appellant,**

v.

**Frances Janette STEINCAMP, Appellee.**

**No. 50183.**

Supreme Court of Oklahoma.

April 10, 1979.

R. Michael Cantrell and Gary R. Morris, Cantrell, Gust & Morris, Midwest City, for appellant.

John G. Maddox, Armstrong, Burns, Baumert & Maddox, Ponca City, for appellee.

SIMMS, Justice:

Appellant-husband obtained a divorce from appellee-wife in the District Court of Payne County, Oklahoma, on May 1, 1970. Shortly thereafter, on motion of the parties, the decree of divorce was vacated by order of court for reasons which are not essential to resolution of this appeal. The wife then answered and cross-petitioned and was granted a decree of divorce upon her cross-petition.

The formal decree provided, inter alia, that the wife was to receive "$250.00 per month as support alimony, the first such sum to be paid on or before the 7th day of December, and a similar sum on the 6th day of each month thereafter, until death or remarriage of defendant (wife)." The court failed to fix any definite or ascertainable amount for alimony.

In early 1976, the wife caused appellant to be cited for contempt for failure to make alimony payments and also prayed in her application that the appellant be ordered to pay the arrearage accrued of approximately $15,000. The citation for contempt was served, pursuant to court order, upon the husband's attorney of record in the 1970 proceedings. Upon receipt of the citation, the attorney filed a motion to quash service of the citation alleging that the attorney's employment terminated with the completion of the matter in 1970 and that the attorney was no longer authorized to accept service on behalf of appellant in connection with any matter arising out of the divorce

action. Appellant's brother made arrangements with a second attorney who also filed a motion to quash directed at the manner of service of the citation.

The trial court overruled both motions to quash but sustained appellant's demurrer to the application for citation for the reason the alimony judgment was void in that the amount for alimony was not ascertainable. Appellant's initial attorney withdrew after the motion to quash was overruled.

By oral motion the wife then requested the court to conduct an evidentiary hearing on the issue of alimony, and her request was granted over objection of the husband's lawyer. At the close of the evidence adduced by the wife upon the issue of alimony, the trial court continued the hearing approximately 21 days to afford the husband an opportunity to present evidence material to the issue of alimony. When the matter again came on for hearing, the husband reasserted his jurisdictional objection to the trial court's entertaining any evidence on the alimony issue because of lack of proper service or notice. The court again overruled appellant's jurisdictional objection, the husband offered no evidence, and the court then took the matter under advisement. Subsequently, the trial court fixed support alimony in the amount of $45,000, payable in installments of $250 from the 6th day of December, 1970, and ordered appellant to pay the accrued arrearage of $17,500 at the rate of $100 per month, the alimony for support to terminate upon death or remarriage of the wife. It is from this order that timely appeal was perfected.

■ Both parties to this appeal devote substantial argument to the method of proper service of a citation for contempt. In our view, because the appellant's demurrer to the application for citation was sustained, he suffered no prejudice by lack of proper service of the citation, if in fact the service was improper. Where the adjudication presented for review does not operate, by its own force, to impose a burden or obligation and has no binding effect against

the rights, person, or property of the party seeking to appeal, such party is not aggrieved thereby and may not appeal therefrom. *Whitman v. Whitman, Okl., 397 P.2d 664 (1964).*

The issue to be decided is not that of technical requirements for service of a citation for contempt, but rather one of *sufficient notice* to meet the requirements of due process so that the court may, in a post-decree proceeding, entertain the issue of alimony and enter a valid, enforceable judgment therefore.

■ There can be no doubt that a divorce decree providing for payment of alimony at a sum certain per month, without fixing the definite amount ultimately to be paid is void as to the award of alimony. *Oder v. Oder, 149 Okl. 63, 299 P. 202 (1931); Finley v. Finley, 174 Okl. 457, 50 P.2d 643 (1935); Munsey v. Munsey, Okl., 385 P.2d 902 (1963); 12 O.S.1971 § 1278.*[1]

■ In *Oder*, this Court held that a void judgment as to alimony did not operate as a judgment denying or awarding alimony. Then in *Finley, supra*, this Court pointed out that when a void alimony judgment is entered pursuant to written stipulation, the question of alimony remains pending before the court and the court may validate the award of alimony by making the period of payments, or the total amount, definite and certain. We conclude that when a trial court enters an alimony award which is void for want of certainty as to total amount, jurisdiction of the *subject matter of alimony* continues with the trial court to enter a valid post-decree alimony judgment.

This conclusion is supported by the language in *Clark v. Clark, Okl., 460 P.2d 936 (1969)*, which reads:

"The trial court perforce retains jurisdiction to modify a provision of its decree, void because of uncertain[ty], in order to achieve validity thereof. [citation omitted] This continuing jurisdiction is retained by the trial court to the exclusion of any other court." at 941.

1. Amended by Laws of 1975, c. 350, § 1, 12 O.S.Supp.1975, § 1278.

However, jurisdiction over the subject matter alone is not sufficient to enter a post-decree judgment for alimony or to reduce an alleged arrearage to judgment. Fundamental due process requires that notice be given a party against whom the judgment is to be rendered or order made. *Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635.* We pass then to the question of whether service of notice upon appellant's attorney of record some six years past was sufficient in light of that attorney's withdrawal as attorney of record and announcement to the trial court that he hadn't communicated with appellant since the time of the divorce decree.

In determining the sufficiency of the substituted service, three questions must be answered: (1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; (3) Have fundamental due process requirements been met? There exists a dispute as to whether there is statutory authority for the type of notice in question. We need not decide that issue because we are convinced that the notice in question does not comport with due process.

It is to be noted that appellant continued to urge failure of proper notice throughout the proceedings. In his demurrer to the application for citation, appellant carefully avoided seeking affirmative relief so as not to enter a general appearance in the post-decree proceedings. It was held in *Southard v. Oil Equipment Corporation, Okl., 296 P.2d 780 (1956)* that a party may appear specially and challenge the court's jurisdiction and if the challenge is overruled, he may defend the action, and so long as he does not seek affirmative relief, have the jurisdictional issue reviewed on appeal. A simple demurrer, following an initial plea to jurisdiction, does not constitute a general appearance, for it is only when a party makes a demand for relief for which he might maintain an action independent of plaintiff's claim and on which he might proceed to recovery even though plaintiff abandoned his cause of action or failed to establish it, that a defendant has demanded

affirmative relief which would invoke the jurisdiction of the court and waive the special appearance. *Osborn v. White Eagle Oil Co., Okl., 355 P.2d 1041 (1960).*

Appellee insists that the method of notice here employed was reasonably calculated to actually inform the appellant of the proceedings. We do not agree with this conclusion. Notice was served on the attorney of record six years following the termination of the attorney-client relationship. There was no showing of communication between them during that period. Notice served on the attorney of record will satisfy due process only so long as there is a reasonable presumption that such notice will reach the former client. *Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949).* We cannot indulge in such presumption here. The greater the passage of time without renewed communication, the less likely will service on the attorney alone be sufficient. On similar facts, an Oregon court found a two year passage of time was too long to support the presumption of a continuing attorney-client relationship. *Miller v. Shufeldt, 2 Or.App. 243, 467 P.2d 971 (1970).* We find the Oregon case persuasive.

Appellees attempt to justify notice in this case on the grounds of necessity. First, there would have been no such necessity had sufficient care been taken to secure a valid judgment when the trial court had the appellant lawfully before the court. Secondly, the United States Supreme Court has stated that "[E]xceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as it reasonably calculated to reach interest parties." *Mullane, supra, at page 318, 70 S.Ct. at 659.*

We do not imply that 12 O.S.1971, § 1113 which permits service of notices upon an attorney of record is constitutionally defective, but under the facts of this case, the employment of this method of service resulted in a failure of due process.

We therefore hold that notice served on an attorney of record some six years

following the termination of his employment in fact, absent some showing that such notice may reasonably be expected to reach to former client, is not sufficient to satisfy due process requirements.

The judgment appealed from is therefore Reversed and Remanded with Directions to Vacate.

REVERSED AND REMANDED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.