**Robbie Ann LAMB, Appellee,**

v.

**William Mark LAMB, Appellant.**

**Nos. 56693, 58206.**

Court of Appeals of Oklahoma, Division No. 4.

May 31, 1983.

Released for Publication by Order of the Court of Appeals Jan. 6, 1984.

J. Philip Adamson, Laura E. Frossard, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, for appellee.

N. Kay Bridger-Riley, Stephen P. Gray, Barlow & Cox, Tulsa, for appellant.

DeMIER, Judge.

This appeal arises from a divorce action. There are two dispositive issues: First, did the trial court abuse its discretion by awarding Appellee Robbie Ann Lamb attorney fees for the divorce proceeding? Second, did the trial court err in overruling Appellant William Mark Lamb's motion to quash and plea to the jurisdiction in the hearing on the contempt citation, and by assuming jurisdiction on appellee's motion for determination? We affirm the trial court on the first question and reverse the court on the second.

I

Appellant first contends that the trial court abused its discretion by ordering him to pay appellee's attorney fees for the original divorce proceeding. A record of the March 17, 1981, hearing on payment of attorney fees was not provided to this court. Because nothing of record appears to the contrary, we must therefore stand on the presumptive correctness of the trial judge's order and rulings. Such decisions are presumptively regarded to include a finding of every fact necessary to support them and will not be reversed when argument is neither supported by authority nor record evidence. *Georgia-Pacific Corp. v. Lumber Products Co.,* Okl., 590 P.2d 661 (1979); *Gage v. Estep,* Okl., 422 P.2d 449 (1966). It is appellant's burden to produce a sufficient record and applicable law to

**62**

demonstrate the asserted error. *Pracht v. Oklahoma State Bank,* Okl., 592 P.2d 976 (1979); *King v. Sherrill,* Okl., 496 P.2d 803 (1972).

In cases such as this, it is the duty of the appellate court to weigh the evidence and, unless there has clearly been an abuse of discretion, affirm the judgment of the trial court. *Story v. Hefner,* Okl., 540 P.2d 562 (1975); *King v. Rainbolt,* Okl., 515 P.2d 228 (1973). With the absence of the record we find no such abuse and therefore affirm the trial court's award of attorney fees in the amount of $7,000 for the trial on the merits of the divorce.

## II

Appellant next asserts error of the trial court in overruling his motion to quash and plea to jurisdiction in the contempt proceeding and its assuming jurisdiction on appellee's motion for determination pursuant to 12 O.S.1981 § 1289(B).

Appellee filed a motion which asked the court to cite appellant for contempt for alleged violation of the court's orders. Service was made by personally serving appellant's last attorney of record. This pleading was filed over one year after the divorce decree was entered. Approximately one month later appellee filed a motion for determination, to determine if support alimony should be continued after appellee's remarriage. This motion was filed within the 90 day statute of limitation and service was made in the same manner, by serving appellant's last attorney of record.

Appellant's attorney appeared at the hearing on appellee's motion and at that time filed a motion to quash and plea to the jurisdiction. Also, objection was made to the trial court assuming jurisdiction on the motion to determine because of defective service.

Appellant's attorney, in order to preserve his objection, refused to cross-examine, and stated to the court that he was doing this in order to protect himself from a malpractice suit; that he did not know appellant's address and had not been able to notify appel-

lant. The attorney also presented an affidavit to this effect. He then advised the court that he was perfecting appellant's appeal but that there had been no contact with his client, and that he thought appellant was in the country of Malaysia.

The statutes concerned with service, other than 12 O.S.1981 § 1113, need not be discussed here because appellee did not avail herself of them. Title 12 O.S.1981 § 1113, reads as follows:

"Notices of motions, mentioned in this article, may be served by a sheriff, coroner or constable, the party or his attorney, or by any other person, and the return of any such officer or affidavit of any such person shall be proof of service; the service shall be on the party, or his attorney of record, and in case there is more than one party adverse to such motion, service shall be made on each party or his attorney."

The intent of the legislature is apparent in this statute. It was to eliminate the time and cost of serving every pleading filed in an ongoing lawsuit. In the interest of economy formal service of process was suspended. Exchange of pleadings between attorneys of record was sufficient to constitute service and satisfy the requirements of due process.

However, the courts recognized there was a rebuttable presumption of due process. The United States Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), addressed this question and this court, construing the *Mullane* case in *Steincamp v. Steincamp,* Okl., 593 P.2d 495 (1979), stated:

"In determining the sufficiency of the substituted service, three questions must be answered: (1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; (3) Have fundamental due process requirements been met? . . ."

We answer one and two in the affirmative and three in the negative. If we review the facts we find appellant was never

informed of the hearings. His attorney stated in open court, as an officer of the court, and by affidavit, that he could not contact his client. The attorney said,

"I still do not know the address of Mr. Lamb. I have filed an affidavit attached to my application. I do not know and I can tell the Court with the greatest deal of honesty, I do not know the name of his employer. I do not know his phone number in Malaysia. All I do know is that he is out of the country."

This places the attorney for appellant in jeopardy. He explained this problem to the court:

"Your Honor, I am—as I told the Court, I don't know—I'm caught between a rock and a hard place. All I can do is object to the entire proceeding, that the Court does not have jurisdiction and without waiving any rights on behalf of my client—which I am just not really sure what they are at this particular point because of what the Court's ruling is. I hesitate to ask the Movant any questions because I am afraid I would be waiving my client's rights and I don't want to be adjudicated for being in malpractice. So, let them proceed. We'll just object to the entire proceeding."

It is difficult to understand how the court presumed due process under these circumstances. "Notice served on the attorney of record will satisfy due process only so long as there is a reasonable presumption that such notice will reach the former client...." *Steincamp, supra.* Any presumption of due process has been rebutted in this case.

The question therefore arises, how can service be obtained on a party not readily available? The first step is to make the attempt. That was not done in this case. We recognize the fact that the address of appellant was unknown. However, appellee was able to successfully garnish appellant's employer. Forms of discovery were available to appellee to inquire of the employer regarding appellant's address. We realize that necessity could compel appellee to gain service in the manner she did, however, "Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties." *Mullane, supra.*

We adopt the language in *Steincamp, supra:*

"There exists a dispute as to whether there is statutory authority for the type of notice in question. We need not decide that issue because we are convinced that the notice in question does not comport with due process.

\* \* \* \* \* \*

"We do not imply that 12 O.S.1971, § 1113 which permits service of notices upon an attorney of record is constitutionally defective, but under the facts of this case, the employment of this method of service resulted in a failure of due process."

We find the service defective. Therefore, we do not need to address appellant's propositions of error three, four, five and six, for without service the remaining propositions are moot.

We have one last question of equity to address. Appellee attempted to comply with 12 O.S.1981 § 1289(B), within the 90 day period. If appellee continues to attempt other means of service in a diligent manner we hold the 90 day statute of limitations has been tolled. When proper service has been effected appellee will be entitled to her day in court.

We affirm the award of attorney fees to appellee for the trial on the merits of the divorce and reverse the contempt citation and hearing on determination of eligibility for alimony and the award of attorney fees to appellee on those issues.

Each party will pay their own attorney fees and costs of this appeal.

BRIGHTMIRE, P.J., and STUBBLEFIELD, J., concur.