**SHOP AND SWAP ADVERTISER, INC., a corporation, Show and Tell Times, Inc., a corporation and Nowata Publishing Company, a corporation, Appellant,**

v.

**The OKLAHOMA TAX COMMISSION, Appellee.**

**BUYER'S GUIDE, INC., Appellant,**

v.

**The OKLAHOMA TAX COMMISSION, Appellee.**

**Nos. 64864, 64868.**

Supreme Court of Oklahoma.

May 30, 1989.

Stanley M. Ward, Noble, Clyde A. Muchmore, Laurence J. Whalen, Harvey D. Ellis, Jr., Crowe & Dunlevy, Oklahoma City, for appellants.

J. Lawrence Blankenship, Melanie Parks Kierig, Gladys E. Cherry, Oklahoma Tax Com'n, Oklahoma City, for appellee.

Jerry D. Sokolosky, Oklahoma City, for amicus curiae Oklahoma Press Ass'n.

SUMMERS, Justice.

Four publishing businesses appeal from an Order of the Oklahoma Tax Commission which established a narrow definition for the word "periodical" as it appears in 68 O.S. 1981 § 1357(E), a statute providing exemption from the state sales tax on the sale of advertising space in newspapers, periodicals, and certain other types of media. All of the appellants either publish or sell advertising in what we shall refer to herein as "shoppers," and which would not fall within the definition of "periodical" as defined by the Commission in the order appealed from. The Appellants argue that the Commission either improperly construed the statute, or in giving it such a construction caused violation of a variety of state and federal constitutional provisions.[1] Because we find that the Commission's interpretation of the statute was incorrect we reverse without addressing the constitutional issues or other assertions of error.[2]

Section 1357 reads in pertinent part as follows:

"There are hereby specifically exempted from the tax levied by this article [the sales tax]:

(E) Sales of advertising space in newspapers and periodicals and billboard advertising service, and any advertising through the electronic media, including radio, television, and cable television."

Tax Commission Order No. 85-06-11-02 issued June 11, 1985 after a public hearing before the Commission *en banc* stated in part as follows:

"A periodical as included within the Sales Tax Code, Section 1357, supra, should mean a printed publication issued at regular, stated intervals, more frequent than annually, each number of which contains a variety of articles devoted either to general literature, or to some special class of subjects, and each number of which is incomplete in itself and indicates a relation with prior and subsequent numbers of the same series. *Houghton v. Payne*, 194 U.S. 88, 24 S.Ct. 590 [48 L.Ed. 888] (1904)"

That Order is now the subject of two appeals, one by Shop and Swap Advertising, Inc., Show and Tell Times, Inc., and Nowata Publishing Co., and the other by Buyer's Guide, Inc. The appeals have been consolidated. The Oklahoma Press Association has filed its brief as *amicus curiae.*

---

1. Such issues raised include: Oklahoma Const. Art. X, § 5, requiring uniform taxation upon a class of subjects; Art. V § 1 and Art. VII § 1, establishing separation of powers; U.S. Const.; 14th Amendment as to equal protection, and 1st Amendment as to freedom of speech.

2. Appellants also urge the court to invoke the rule used in *Oral Roberts University v. Oklahoma Tax Commission*, 714 P.2d 1013 (Okl.

1985). That case held a state agency may not modify its long standing, well settled interpretation of a statute except for cogent reasons, provided, of course, that the interpretation was reasonable in the first place. The case can have no application here, however, because our record on appeal contains insufficient factual material.

■ On our own motion we have asked the parties to address a question not raised in the original briefs—that of the appellants' standing to appeal. They have done so to our satisfaction and the matter is now ripe for merits disposition. Our inquiry occurred because of the nature of the order appealed from. Rather than being an order assessing sales tax against any of the appellants it termed itself a "general policy order" and was issued following a public hearing *en banc* of which the appellants and others similarly affected had notice.

Title 68 O.S. 1981 § 225 provides for appeals from orders of the Tax Commission directly to the Supreme Court. Subsection (a) provides for appeals from any such order "directly affecting such taxpayer." That a taxpayer may appeal from an order other than one assessing a tax against him is made clear in subsection (f):

> (f) "If the appeal be from an order, judgment, finding or ruling of the Tax Commission other than one assessing a tax and from which a right of appeal is not otherwise specifically provided for in this article, any aggrieved taxpayer may appeal from any such order, judgment, finding or ruling as provided in this section. . . .

The question then becomes whether our appellants qualify as "aggrieved taxpayers."

In an earlier inquiry into the standing of an appellant we said:

> "Oklahoma case law defines an 'aggrieved party' as one whose pecuniary interest in the subject matter is directly and injuriously affected or one whose right in property is either established or divested by the decision from which the appeal is prosecuted. To render a party aggrieved by the decision, its adverse effect must be direct, substantial and immediate rather than contingent on some possible remote consequence or a mere possibility of an unknown future eventuality."

*Missouri–Kansas–Texas R. Co. v. State,* 712 P.2d 40, 42 (Okl.1985), citing *Cleary Petroleum Corp. v. Harrison,* 621 P.2d 528, 530 (Okl.1980); *Sarkeys v. Ind. Sch. Dist. #40 Cleveland Co. Okl.,* 592 P.2d

529, 536 (Okl.1979); *Steincamp v. Steincamp,* 593 P.2d 495, 497 (Okl.1979). As might be expected the record on appeal before us contains less than would ordinarily be received in a true adversary proceeding. That record, however, contains a brief (P. 31) filed in the Tax Commission on the subject of this appeal, referring by numbers to Sales Tax Protests pending before the Commission involving appellants Nowata Publishing Co., Shop and Swap Advertisers, Inc., and Show and Tell Time, Inc. Buyer's Guide, Inc., in its affidavit appended to its response brief advises us of a similar pending assessment and protest.

In sum, it is clear from the record before us that these appellants are in the publishing business and that their businesses are directly and injuriously affected by the declaratory ruling of the Tax Commission Order No. 85–06–11–02 now on appeal in this case. They are thus aggrieved taxpayers and our inquiry into standing is satisfied.

■ As to the merits, we simply disagree as a matter of law with the construction given the statute by the Tax Commission. The Legislature by its statute has exempted "newspapers and periodicals" from the sales tax. The offending part of the Tax Commission order would limit "periodicals" to those "which contain a variety of articles by different authors, devoted either to general literature or some special branch of learning or to a special class of subjects". The shoppers in question are published at regular intervals but contain little or no material other than advertising.

The goal of statutory construction is to determine the intent of the legislature. *Hess v. Excise Bd. of McCurtain Co.,* 698 P.2d 930 (Okl.1985). Words appearing in a statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. 25 O.S. 1981 § 1.

In formulating its definition the Commission relies on the early case of *Houghton v. Payne,* 194 U.S. 88, 24 S.Ct. 590, 48 L.Ed 888 (1904). The publication at issue in *Houghton* was a series of unbound, small books, each of which contained a single novel, story, collection of stories or poems

by the same author, and each of which, though serially numbered, was complete in itself. The issue before the Supreme Court was whether the publication was eligible for favorable second-class mailing rates, as applied to newspapers and "other periodical publications," or whether each issue constituted a book and was subject to higher postal rates. In drawing a distinction between periodicals and a series of books published periodically, the Court stated in part as follows:

> "A periodical, as ordinarily understood, is a publication appearing at stated intervals, each number of *which contains a variety of original articles by different authors, devoted either to general literature or some special branch of learning or to a special class of subjects.* Ordinarily each number is incomplete in itself, and indicates a relation with prior or subsequent numbers of the same series.

194 U.S. at 97–98, 24 S.Ct. at 591, 48 L.Ed. at 890.

The above quotation contains, with some modification, the "variety of articles" language of the Commission's order. It is clear, however, as held by the United States Courts of Appeal that have considered the matter, that the case did not attempt to define "periodical" as a rule of law. For example, the Second Circuit in *H.W. Wilson Co. v. United States Postal Service*, 580 F.2d 33 (2nd Cir.1978) dismissed the contention of the United States Postal Service which denied second-class mailing status to the "Index of Legal Periodicals" on the ground that it did not include "a variety of original articles" as required by *Houghton*. The court stated as follows:

> It can readily be seen that by using the qualifying phrase, "as ordinarily understood," the Court was not pronouncing an iron-clad rule of law. This conclusion accords with a statement made by the Court earlier in its opinion to the effect that a periodical "shall not only have the feature of periodicity, but that it shall be a periodical in the ordinary meaning of the term." *Id.* at 96, 24 S.Ct. at 592. If the Court did articulate a definitive stan-

dard for a "periodical" in *Houghton,* we believe this "ordinary meaning" test is closer to that standard. When the Court spoke of "variety of original articles," therefore, it was merely searching for that "ordinary meaning" by delineating some of the characteristics which one normally associates with periodicals.

An examination of the factual context which the case was decided buttresses our conclusion that the "variety of original articles test" was not intended as an immutable rule of law. *Id.* at 35–36. "We therefore confine our holding to the conclusion that the '*variety of original articles'* standard is *erroneous and unworkable,* is not mandated by *Houghton. . . . . Houghton requires only that a publication have the feature of periodicity and that it be a periodical in the ordinary meaning of the term."* *Id.* at 37 (Emphasis supplied.)

It is significant that in *Houghton* the following language appears:

> "By far the largest class of periodicals are magazines, which are defined by Webster as 'phamplets published periodically, containing miscellaneous papers or compositions . . .' A few other nondescript publications, such as railway guides, appearing at stated intervals, have been treated as periodicals and entitled to the privileges of second-class mail matter. *Payne v. United States,* 20 App.D.C. 581." *Houghton v. Payne,* 194 U.S. at 96–97, 24 S.Ct. at 592–593.

The above quoted language was discussed in *Standard Rate and Data Service, Inc. v. United States Postal Service,* 584 F.2d 473 (D.C.Cir.1978).

> On the contrary, the use of "as ordinarily understood" demonstrates that the Court was making an observation and not a rule of law, and the Court contemplated cases other than those covered by its observation. This interpretation is reinforced substantially by the Court's citation of *Payne v. National Railway Publishing Co.,* 20 App.D.C. 581 (D.C.Cir. 1902), *appeal dismissed,* 192 U.S. 602, 24 S.Ct. 849, 48 L.Ed. 583 (1904). 194 U.S. at 96–97, 24 S.Ct. 590. In that case,

railroad guides that appeared at regular intervals were accorded second-class mailing privileges, 20 App.D.C. at 600, and the Supreme Court in *Houghton* cited this fact with approval. 194 U.S. at 96–97, 24 S.Ct. 590. If a publication must be a "periodical" in order to gain entry to the second-class mails, *see id.* at 96, 24 S.Ct. 590, and a railroad guide is entitled to second-class entry, surely it is not entirely consistent to assert that a "periodical" *must always* be composed of "a variety of original articles," unless somehow the entries in the railroad timetable are to be regarded as "articles," a proposition for which we can find no support in *Houghton. Id.* 584 F.2d at 478–479.

In that case the District of Columbia Circuit Court rejected the same contention made by the U.S. Postal Service to justify its denial of admission to second-class rates to certain publications which presented data under standardized headings in tabular form for prospective buyers of advertising. The court stated as follows:

> "To quote the Houghton passage approvingly is not equivalent in logic or in law to an assertion that the passage establishes a black letter 'articles' requirement. Rather, we must go beyond a superficial exploration to examine the use to which the quoted language was put." *Id.* at 480.

The District of Columbia Circuit also ruled in *National Auto Research Publications, Inc. v. United States Postal Service,* 584 F.2d 473 (D.C.Cir.1978), that a publication entitled "Black Book", described by the court as a small, weekly bulletin containing listings of wholesale auction prices for cars and trucks in various states, was improperly denied admission to second-class mail status and that failure to meet the "articles" test in *Houghton* did not justify such denial.

Generally the ordinary meaning of a word may be found in a dictionary. In Websters 3rd New International Dictionary we find the following:

> "Periodical: A magazine or other publication of which the issues appear at stated or regular intervals; usually used of a publication appearing more frequently than annually but infrequently used of a newspaper."

When the wording of a statement is plain and unambiguous there is no need for judicial interpretation. *Lancaster v. State,* 426 P.2d 714 (Okl.1967). Once the language of *Houghton v. Payne* is determined not to have established a rule of law by which all arguments on "periodicals" must be settled, we are back to the ordinary meaning of the word. In our judgment that meaning takes in regularly published issues of shoppers, even if the only content is advertising. Order No. 85–06–11–02 of the Oklahoma Tax Commission is reversed insofar as it is inconsistent with this opinion.

OPALA, V.C.J., DOOLIN and KAUGER, JJ. and BAILEY, S.J., concur.

HARGRAVE, C.J., and HODGES, LAVENDER and SIMMS, JJ., dissent.

ROBERT BAILEY appointed in place of WILSON, J., who recused.

SIMMS, Justice, dissenting:

If this were a case at controversy ripe for adjudication, I would agree with the majority's resolution of the "periodical" question. I do not agree, however, that this is a matter ripe for adjudication or that these parties have standing to bring it to this Court for determination. In my view, the matter should be dismissed and the Court's treatment of the issue is merely an advisory opinion.