## In re WEST.

No. 19206. Opinion Filed Nov. 27, 1928.

Wm. L. McCann, for petitioner.

E. S. Bessey, for respondent.

JEFFREY, C. This is an original action in the Supreme Court for a writ of habeas corpus; the proceeding arose by reason of an attempt to enforce a portion of a judgment against petitioner, Rae C. West, in the district court of Oklahoma county by contempt proceedings. The judgment in the district court was rendered in favor of Paula West and against Rae C. West for divorce and alimony. The particular part of the judgment on which this proceeding was based was for the sum of $100 per month as alimony, without specifying a definite sum payable either in gross or in installments. Petitioner paid the monthly payments for about six months. Upon his failure to pay for the month of February, 1928, Paula West caused a citation to be issued, requiring petitioner to appear and show cause why he should not be punished for contempt of court. Petitioner appeared and pleaded the invalidity of that part of the judgment. A trial was had to a jury, which returned a verdict against petitioner, and he thereupon was committed to jail until he complied with the order and decree of the court. An attempt was made to appeal from the judgment and sentence of the court, but the trial court refused to grant an extension of time within which to make, settle and serve case-made, and refused to permit petitioner to give supersedeas bond. Thereupon petitioner applied to this court for a writ of habeas corpus, alleging all proceedings in the district court, and that he was being illegally restrained of his liberty by the sheriff of Oklahoma county. A writ was issued out of this court admitting petitioner to bail, and directing the sheriff to make his return showing his authority for so restraining petitioner of his liberty.

A showing having been made that petitioner was restrained by reason of a commitment issued out of the district court of Oklahoma county upon a conviction for contempt of court by reason of petitioner's refusal to pay the monthly payments provided for in the decree of divorce, the legal-

ity of the confinement depends solely upon whether or not that part of the judgment in the divorce proceeding is enforceable or wholly void. That portion of the judgment herein assailed was the subject of litigation involved in the case of West v. West, decided this date, 134 Okla. 226, 273 Pac. 209. It was held in that case that the monthly payment feature of the judgment was beyond the power of the district court to make, and was wholly void. Since that part of the judgment was void, and the court had no power to make it, the court is without power to enforce it, and a commitment for contempt by reason of petitioner having refused to comply with that part of the judgment is also wholly void. It appearing that petitioner is illegally restrained of his liberty, he is hereby discharged and released from custody of the sheriff of Oklahoma county.

BENNETT, HERR, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.