## WEST v. WEST.

No. 20875. Opinion Filed April 26, 1932.

E. S. Bessey, for plaintiff in error.

Wm. L. McCann, for defendant in error.

KORNEGAY, J. This is a proceeding in error to reverse the action of the district court of Oklahoma county, arising from the dismissal of a suit with prejudice by an order made on the 7th of May, 1929, the journal entry being as follows:

"Now on this 7th day of May, 1929, the above styled cause came regularly on to be heard on its merits before Thos. G. Chambers, one of the judges of the above-named court. Both parties are present in person, and by their respective attorneys of record, and waive trial by a jury. The plaintiff offered to introduce testimony in support of the allegations of her petition when the defendant objected to the introduction of any evidence for the reason that the petition did not state facts sufficient to constitute a cause of action against the defendant, and because the written instrument sued upon by the plaintiff shows on its face that it was an agreement between the parties concerning permanent alimony where the custody or support of children was not involved.

"After argument of counsel touching said objections, and in consideration thereof, the court sustained said objection and ordered the cause dismissed with prejudice, which was accordingly done, to which rulings and orders of the court the plaintiff reserved timely exceptions which were by the court allowed.

"Plaintiff thereupon in open court gave notice of an appeal to the Supreme Court of Oklahoma and the same was ordered recorded on the trial docket as provided by law.

"For good cause shown, the time to make and serve a case-made for such appeal is extended for a period of 30 days from this date, with three days' additional time to prepare and suggest amendments and three days' additional to sign and settle the same.

"T. G. Chambers,
"District Judge."

It appears from the case-made that, in 1927, the present plaintiff in error brought a suit against the present defendant in error for divorce and alimony, in the district court of Oklahoma county. Cotemporaneous with the filing of the suit, there was a stipulation entered into and filed concerning alimony and property, and the present defendant in error later waived the issuance of summons, and the plaintiff in error procured a decree of divorce, which is set out as Exhibit "B" to her petition in the case below.

The stipulation, among other things, had in it a requirement that the home should be conveyed by the defendant in error to the plaintiff in error, and that the defendant in error should pay off and discharge the indebtedness against it. The same way with a car, and the same with the furniture. There was a stipulation, in part, as follows:

"It is further mutually agreed by the parties hereto that the defendant shall pay to the plaintiff, the sum of $100 per month, payable on the 1st day of each month, as a complete and permanent property and alimony settlement.

"It is further mutually agreed and stipulated by the parties hereto that the plaintiff herein accepts the above-mentioned property, real and personal, and the money stipulation as a full, complete, and equitable property and alimony settlement.

"It is further stipulated and agreed that the terms of this agreement and stipulation shall be carried into effect on or before the date upon which the trial of said cause is had.

"Dated this the 7th day of July, 1927.

"Paula West. Plaintiff,
"Rae C. West, Defendant."

The judgment of the court ordered the conveyances to be made and $100 to be paid on the 1st of September, 1927, to the clerk of the court, and a like sum on the first day of each month thereafter. as set forth in the stipulation.

There was an answer filed, setting out the proceedings in the original case, and also the procedure in the Supreme Court of Oklahoma on appeal from an order refusing to modify the portion of the decree awarding the payment of the $100 a month, and reference is had in the petition to the proceedings in the Supreme Court, and also to the action of the lower court in the original case. The entire record appears to be set out as exhibits to the answer that was filed in the case, and the application to modify the decree in the lower court, striking out the money provision, and the holding of this court in case No. 19229, reversing the action of the lower court and holding void the judgment for alimony, and ordering the lower court to modify its decree by entering a judgment vacating that portion awarding the $100 a month for alimony.

There is a reference to the habeas corpus case that was had, wherein the plaintiff in error sought to force, by imprisonment, the defendant in error to make further payments. That case can be found under the style of In re West, 134 Okla. 228, 273 P. 211, opinion being filed on the 27th of November, 1928, and the syllabus to that case is as follows:

"A conviction and commitment for contempt of court, based upon a refusal to comply with a void provision of a judgment for alimony, are without authority of law and void, and one who stands thus committed is illegally restrained of his liberty, and is entitled to be discharged by writ of habeas corpus."

The plaintiff, after getting the defendant in "alimony row," having resorted to imprisonment process to collect her claims for alimony, now comes and seeks a judgment based "on contract" for the amount of $1,000, representing the unpaid $100 per month that was classed, in the litigation that was brought to the Supreme Court, as being alimony, which the Supreme Court held was alimony.

According to the record, the plaintiff got about all the defendant had in the way of property in the original divorce suit, and undoubtedly this extra $100 per month was treated by the court all the way through as being alimony to be later earned and paid. Whether the court, in vacating the decree for this alimony, did right or wrong is not before us at this time, further than the fact that the court did it, and on the showing here made, the court below was bound by the action of this court in reversing the former decree, though the form of action now pursued was different from the form of action formerly pursued.

The plaintiff in error, to sustain her appeal, has cited several cases as to the agreement not being contrary to public policy, and that parties can make contracts with a view of immediate separation and for payment of money which, it is stated, under early decisions can be enforced in the divorce action, and among other cases are cited the case of Dutton v. Dutton, 97 Okla. 234, 223 P. 149, and the case between the same parties that we have here, West v. West, 134 Okla. 226, 273 P. 209, and also section 6610, C. O. S. 1921, bearing upon what contracts husband and wife can make as between each other, as well as several cases on the subject that a void judgment would not estop.

There were two judgments involved, the lower court's judgment being that the plaintiff was entitled to the alimony, and the higher court's judgment that she was not, and that the judgment of the lower court, awarding her alimony, was void.

Had an application been made by plaintiff in error to modify the decree, so as to allow this alimony to run for a definite time, and thereby met some of the objections that had been raised to alimony decrees in some of the cases cited in the brief, the motion would have been met probably with a suggestion that the Supreme Court had just passed on it. We do not think that that matter could be avoided by merely changing the form of action, as was done here. It appears that the plaintiff in error has treated it as an alimony decree, and resorted to the process of imprisonment for its collection, and failed to get it by a decision of the court, and that she ought to be bound by the decision of this court. The lower court evidently thought so, and dismissed her case with prejudice.

Under the circumstances, we do not think that we should interfere. The case is accordingly affirmed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., concurs in conclusion. CLARK, V. C. J., and CULLISON, J., absent.