IN RE MARRIAGE OF DEGROOT



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE MARRIAGE OF DEGROOT

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE MARRIAGE OF DEGROOT
2020 OK CIV APP 6
Case Number: 116974
Decided: 05/23/2019
Mandate Issued: 02/13/2020
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2020 OK CIV APP 6, __ P.3d __

 

IN RE MARRIAGE OF DEGROOT.

Bonnie Lee DeGroot, Petitioner/Appellant,
v.
Timothy Gerald DeGroot, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA

HONORABLE R.L. HERT, JR., TRIAL JUDGE

REVERSED

Martin S. High, Clemson, South Carolina, for Petitioner/Appellant,

Christopher D. Smith, Roe T. Simmons, Kaitlyn G. Allen, SMITH SIMMONS, PLLC, Oklahoma City, Oklahoma, for Respondent/Appellee.

Kenneth L. Buettner, Judge:

¶1 Petitioner/Appellant Bonnie Lee DeGroot (Wife) appeals the trial court's order denying her motion to reconsider its order on Respondent/Appellant Timothy Gerald DeGroot's (Husband) motion to modify support alimony and child support. The parties entered a settlement agreement dissolving their marriage, but the agreement expressly provided that the trial court retained jurisdiction to modify the alimony and child support provisions. We hold that Husband failed to meet his burden of proving sufficient change of circumstances to justify modifying the support alimony agreed by the parties.

¶2 The parties were married in 1982 and had six children. Wife filed her Petition seeking dissolution of the marriage in March 2012 and the parties filed their Marriage Settlement Agreement September 17, 2013. The agreement noted that at the time of the settlement three of their children were minors. The agreement indicated Husband was then employed in Ohio and earning $12,930 per month while Wife lived in Oklahoma and earned $928 per month. The parties agreed Wife would have sole legal and physical custody of the minor children. The agreement further provided the parties agreed Husband would pay child support of $2,036 per month plus transportation costs for visitation, health insurance, and non-covered medical expenses for the minor children. The settlement included a division of the marital property and debt, including a 50/50 division of a $31,800 debt to the bankruptcy trustee. The settlement included the following provision on alimony:

13. SPOUSAL SUPPORT/ALIMONY. The parties agree that (Wife) shall receive $3,700 monthly spousal support for 12 years or until she begins cohabitation with another adult male to be paid on the 15th of each month. This amount will increase by half the current payment to [the bankruptcy trustee] when that debt is retired and by 5/14 the current payment to the U.S. Department of Education for student loans when that debt is retired. The parties further agree the Court will retain jurisdiction of the matter of spousal support, maintenance or alimony, once incorporated in a final decree of divorce.

The parties also agreed that future disagreements about the terms of the agreement would be decided either by mediation or by the court.

¶3 The Decree of Dissolution of Marriage, largely following the parties' settlement agreement, was entered March 27, 2014. Pertinent to this appeal, the provision on support alimony included the statement that "(t)he parties further agree the Court will retain jurisdiction of the matter of spousal support, maintenance or alimony."

¶4 Husband sought to modify support alimony in September 2016. He asserted that, since the parties settled, there had been a substantial and continuing change in his income such that he was no longer able to pay the support alimony award. He asked the court to reduce or terminate his alimony obligation. Husband later added a request that the trial court enforce the reduced child support the parties agreed to in 2015. Wife objected, arguing that Husband had voluntarily caused his income to change and that Husband "engages in other income producing activities not disclosed to" the court.

¶5 Following a hearing, the trial court entered its Order November 29, 2017, in which it noted that the parties' original agreement on alimony was not based on evidence of need or ability to pay and that the agreement left the alimony award subject to modification. The court found that at the time of the divorce proceedings, the parties were emerging from bankruptcy and the parties agreed to each pay half of the $31,800 owed to the bankruptcy trustee and agreed that the monthly alimony payment would increase by half of the payment once the debt to the trustee was paid off. The trial court noted the parties' agreement that the alimony award also would increase by 5/14 of the student loan payment once it was fully paid, though the agreement did not specify who would pay the student loan debt. The court found the evidence showed the student loan balance was $137,181, with unpaid interest of $28,916 and that Husband was not paying any of the principal nor keeping current on the interest due. The court found that if the support alimony provision had not been entered by agreement, it would be void for uncertainty.

¶6 The trial court found Husband had shown a substantial and continuing change in the financial circumstances of both parties: Wife's income increased from under $1,000 to over $3,000 per month while Husband's income decreased from under $13,000 to under $11,000 per month. The court determined that because the original agreement was not based on evidence of need, and because Husband had shown a substantial and continuing change in circumstances, it would treat the case as an original proceeding for support alimony; therefore Wife had the burden of showing a need for support alimony.

¶7 The trial court found Husband was guilty of indirect contempt for failing to pay amounts due under the consent decree before it was modified and awarded Wife a judgment against Husband for unpaid support alimony and child support. The trial court ordered both parties to pay their own attorney fees except for fees Wife incurred enforcing child support. The trial court denied Wife's motion to reconsider.

¶8 Wife appeals the trial court's modification of support alimony. "An award of support alimony and hence its modification are matters of equitable cognizance." Wilson v. Wilson, 1999 OK 65, ¶3, 987 P.3d 1210. Accordingly, we will affirm the trial court's decision unless it is against the clear weight of the evidence or an abuse of discretion. Id.

¶9 Wife first asserts the trial court erred in placing the burden on her to show the need for support alimony. The statute relating to modification of support alimony provides:

. . . the provisions of any dissolution of marriage decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. Modification by the court of any dissolution of marriage decree pertaining to the payment of alimony as support, pursuant to the provisions of this subsection, may extend to the terms of the payments and to the total amount awarded; provided however, such modification shall only have prospective application.

43 O.S. 2011 §134(D).

¶10 In this case, the trial court noted the parties entered their settlement agreement without any evidence of need or ability to pay. As such, the trial court determined that it would "treat the hearing as an original hearing on the issue of support alimony and the burden is shifted to the [Wife] to show a need for support alimony and the amount." Wife argues the trial court's shift of the burden of proof from Husband to Wife was improper because the proceeding was one for modification, in which the burden is upon the movant. We agree.

¶11 A party seeking modification of an award of alimony bears the burden of proof in establishing that a substantial and continuing change has occurred warranting the modification. Wilson, 1999 OK 65, ¶ 8, 987 P.2d 1210. A consent decree may only be modified by the consent of both parties, which consent may be evidenced by a reference in the decree allowing future modification according to Oklahoma law. Stuart v. Stuart, 1976 OK 107, ¶ 14, 555 P.2d at 615; Whitehead v. Whitehead, 1999 OK 91, ¶ 11, 995 P.2d 1098.

¶12 Here, the consent decree stated that the trial court "will retain jurisdiction of the matter of the spousal support, maintenance or alimony." Neither party disputes that the consent decree permitted modification of the decree according to Oklahoma law. As such, it was within the trial court's jurisdiction to modify the award of alimony. Nothing in either the consent decree or in Oklahoma law, however, indicates the trial court had jurisdiction to enter a new order of alimony, therefore completely disregarding the award to which both parties had previously agreed.

¶13 By allowing parties to enter consent decrees regarding the dissolution of marriage, and by allowing such decrees to include even provisions otherwise unavailable to trial courts in a non-consent decree, the Oklahoma Legislature has indicated an intent to allow parties to freely contract for the "disposition of their property and alimony for support." Id. (citing Perry v. Perry, 1976 OK 57, ¶ 8, 551 P.2d at 258). As such, we hold that it is not within a trial court's discretion to disregard a consent decree and begin anew in crafting an award of support alimony. Instead, where a consent decree allows for the modification of the award in accordance with Oklahoma law, a trial court may modify support alimony only in accordance with the procedure in § 134(D).

¶14 In this case, therefore, it was the duty of the trial court to determine whether Husband had proved a substantial and continuing change in circumstances warranting modification under § 134(D). The trial court found that Husband "established a substantial and continuing change in the financial circumstances of both [parties]."[1] Husband's only cited grounds for modification in his Motion to Modify was his recent change in income. As such, Section 134(D) required Husband to prove changed circumstances relating to his ability to support.

¶15 At the time of the divorce, the parties stipulated that Husband's income was $12,930 per month as a professor at Cleveland State University. At the hearing, the parties stipulated that Husband's newly reduced income was $10,858.67 per month, approximately a 16% reduction. Testimony indicated, however, that although Husband's salary was paid on a semi-monthly basis (24 payments per year), Husband actually taught only nine months out of the year. As such, Wife argues Husband was intentionally underemployed because he did not work or seek work for the other three months of the year. Wife also argues that Husband worked for his girlfriend's company for various benefits not counted as income, time which could have been used pursuing additional paid employment.[2]

¶16 Testimony indicates that while Husband admits to teaching only nine months out of the year, he claims that his position as a professor requires that he produce research during the three summer "off months." Husband testified that if he chose not to use the summer to do his research that he would be required to teach a greater course load during the academic year, all while maintaining his current salary. Still, Husband also admitted that if he were to teach summer courses in addition to conducting his research in the summer, he would receive an additional $6,000 on top of his current salary. Husband also admits to performing some unpaid work for his girlfriend's various businesses. In addition, Husband's child support obligations were reduced, which reduced the impact of the cut in pay.

¶17 Because the trial court was only empowered to modify the award of alimony according to §134(D), and did not have authority to start afresh treating the order as an original decree, we hold it was an abuse of discretion to reduce the agreed-upon support alimony by 76%. Where Husband's income has been reduced by only 16%, his child support obligations have been reduced, the alimony payment has not increased under the terms of the agreement, and where Husband has admitted to the availability of an opportunity to increase his current income by about 5%, the weight of the evidence is against changed circumstances sufficient to justify any modification of alimony support according to Section 134(D). We therefore hold it was an abuse of discretion to overrule Wife's motion to reconsider, and we vacate the modification of support alimony.

¶18 REVERSED.

GOREE, C.J., and JOPLIN, P.J., concur.

FOOTNOTES

[1] Husband presented an aid to the court, as Exhibit 3, showing his monthly gross income before the divorce was $14,328.08 and his gross after the divorce was $9,017.34. The parties stipulated that as of January 1, 2017, Wife's gross monthly income was $3,141.41 and Husband's gross income was $10,858.67.

[2] It is also noted that the agreement of the parties provided for the increase in Husband's alimony payments upon the satisfaction of student loan and bankruptcy trustee obligations, without regard to any other factors. Thus the settlement agreement contemplated changes would occur in the parties' financial circumstances without triggering a change in the alimony payments.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1976 OK 57, 551 P.2d 256, PERRY v. PERRY
Cited
 1976 OK 107, 555 P.2d 611, STUART v. STUART
Cited
 1999 OK 91, 995 P.2d 1098, 70 OBJ 3444, Whitehead v. Whitehead
Discussed
 1999 OK 65, 987 P.2d 1210, 70 OBJ 2173, Wilson v. Wilson
Discussed at Length
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 134, Alimony Payments - Designation of Support and Property Payments - Termination of Support - Cohabitation by Former Spouse - Modification of Support - Disposable Retired or Retainer Military Pay
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA